## SWEEM *v.* STEELE.

Where an action is brought to recover the penalty of a bond, the plaintiff makes his inquiry of damages, subject to the limitation prescribed by that penalty.

In an action on the covenants in a bond for the sale and conveyance of real estate, the plaintiff may recover more or less damages, than the amount of the penalty.

In an action against the vendor of real estate, for failing to convey, the measure of damages should depend upon the cause of the failure to convey.

If the vendor is honest, and was prevented from making the conveyance from unforeseen causes, which he could not control, the vendee should recover only nominal damages.

If the vendee has paid the price of the land, or any part thereof, and the vendor has failed to convey, from causes beyond his control, the vendee should recover the sum paid, with interest.

If the vendor is in fault, and either did or should have known, that he could not comply with his contract; or if, having the title, he refuses to convey; or if, having the title at the time of the agreement, he afterward disables himself from completing the contract, by a sale to a third person; or if, at the time of making the contract, he knew he had no title,—in these, and in all cases where the inability to con-

vey, arises from fraud in the vendor, the vendee should recover substantial damages, including compensation for any actual loss, as by the increased value of the land at the time the contract should have been performed.

An action as for covenant broken, will lie upon a penal bond, conditioned for the conveyance of real estate; and in such an action, the plaintiff may recover without respect to the penalty.

Where in an action on the covenants in a bond for the sale and conveyance of real estate, the court refused to instruct the jury, as follows: "1 That the measure of damages for a breach of a contract to convey real estate, is the consideration money paid, with interest from the time of payment; 2. That the jury cannot find for plaintiff a greater amount than that specified in the bond, given for, or to secure a deed to the land;" *Held*, That the court did not err in refusing the instructions.

And where in such an action, the court instructed the jury: "That the measure of the plaintiff's damages, is the value of the land at the time the conveyance was to have been made;" *Held*, That the instruction was erroneous, in being expressed in terms too broad, and as applicable to all cases, without regard to circumstances.

In an action for damages for failing to convey real estate, the cause of the vendor's failure to convey—whether he acted *bona fide*, or whether he wilfully neglected or refused—should be left to the decision of the jury.

*Appeal from the Warren District Court.*

SATURDAY, DECEMBER 12.

This action was brought upon a bond in the usual form, in the penal sum of one hundred dollars, with a condition to make title to a certain forty acres of land. The plaintiff had paid fifty dollars, as the consideration for the title. There was a petition, a demurrer, and an amended petition. These are inartificially drawn, and leave it doubtful whether the action was intended to be brought for the penalty, or as upon a covenant contained in, or implied by, the condition. The original petition bears more of the first of these characters, but the amended one, bears more of the impress of an action upon the condition, as for a covenant broken. And the court was inclined to view it in this latter aspect, principally upon the following

clause in the amended declaration: "By which bond, the said defendant agreed to procure, or cause to be procured, a deed for said land to the plaintiff, at the earliest possible period; and plaintiff says that said defendant has never procured the said title, nor caused the same to be made to this plaintiff, but has entirely neglected and refused so to do"—and he lays his damages at four hundred dollars.

The defendant requested the court to instruct the jury: "1. That the measure of damages for a breach of a contract to convey real estate, is the consideration money paid, with interest from payment; 2. That the jury cannot find for plaintiff, a greater amount than that specified in the bond given for, or to secure a deed to the land." The court refused these instructions, and gave the following: "That the measure of the plaintiff's damage, is the value of the land at the time the conveyance was to have been made." To these, as refused and as given, the defendant excepted. The jury returned a verdict for the plaintiff, for two hundred and twenty-four dollars, and the defendant appeals.

*Clarke & Henley*, for the appellant.

*Bryan & Williamson*, for the appellee.

WOODWARD, J.—We direct our attention to the question relating to the measure of damages on contracts for the conveyance of land. We now view it in reference to cases where the party is free to enter into the inquiry of actual damage sustained by him, and not limited by a penalty beyond which he cannot go. If the action be brought to recover the penalty of a bond, the plaintiff makes his inquiry of damages, subject to the limitation prescribed by that penalty. We regard the question, at present, as without such restriction.

And this subject has received full consideration from this court, in the case of *Foley* v. *McKeegan*, 4 Iowa, 1. In that case, McKeegan entered into an agreement, to

Sweem v. Steele.

convey to Foley certain lands, (with some personal property), and bound himself in the sum of fifty dollars, to be paid, if he failed to perform. It was held, that the circumstances of the failure to fulfil—the reason—the motive—might be inquired into. The following is the language of the court: "Where the action is brought, as in this case, on a contract to convey, against the vendor, who has failed to ·convey, we find much difficulty in determining the measure of damages, upon authority. As damages are given as compensation or satisfaction to the plaintiff, for an injury received from the defendant, reason and exact justice would seem to dictate, that he should not, in all such cases, be confined to the consideration money and interest; for frequently the interest upon the money paid, is but the smallest fraction of the amount of injury actually sustained. On the other hand, quite as much injustice may result, by holding that, in all cases, the plaintiff is entitled to the appreciated value of the land at the time the conveyance should have been made. May a rule be recognized, then, which shall have for its basis, the giving of compensation for the injury, and at the same time, avoid injury to a vendor who acts in good faith. We claim that there is such a rule, sustained by authority and reason, and which, while it may not, in all cases, make the plaintiff whole, or give him full satisfaction, will approximate it, and be as just and equitable as most general rules.

We believe that the measure of damages should depend upon the cause of the failure. If the person selling is honest, and is prevented from making the conveyance by unforeseen causes, and which he could not control, the plaintiff should recover only nominal damages. If he has paid the price, or any part thereof, then of course, in such a case, he should recover that sum, with interest. But if the person selling is in fault, and either did or should have known that he could not comply with his undertaking; or, having the title, refuses to convey; or, having the title at the time of the agreement, afterward disables himself from

completing it, by a sale to a third person; or, at the time of the agreement, knew he had no title—in these, and in all cases where the inability arises from fraud in the covenantor, the purchaser should recover substantial damages, including compensation for any actual loss, as by the increased value of the land to the time the contract should have been executed." *Hopkins* v. *Lee*, 6 Wheat., 109; *Nichols* v. *Freeman*, 11 Iredell, 99; *Bryant* v. *Hambruch*, 9 Geo., 133; *Whitesides* v. *Jennings*, 19 Ala., 784; *Hill* v. *Hobart*, 16 Maine, 164; *Warren* v. *Wheeler*, 21 Ib., 484; *Buckmaster* v. *Grundy*, 1 Scam., 310; *McKee* v. *Brandon*, 2 Ib., 339; *Connell* v. *McClear*, 6 Har. &. J., 297; *Hopkins* v. *Grazebrook*, 13 E. C. L., 100; *Duggs* v. *Dwight*, 17 Wend., 71; *Peters* v. *McKeon*, 4 Denio, 546.

We feel no disposition, in the present case, to depart from this doctrine. That case determines the basis upon which the estimate of damages may be made; and that the purchaser is not limited to the consideration paid and interest, but that he may look to the value of the land when it should have been conveyed to him, and this is all that was intended to be decided at that time. It does not determine whether the measure of damages may not be sought for, at a day subsequent to the time when the contract should have been performed.

The instruction given by the court below, is in conformity with some decisions that have been made. But viewing it in reference to the decision of this and some other courts, it is erroneous, in being expressed in too broad terms—in announcing the rule as applicable to all cases, without a regard to circumstances, such as are pointed out in *Foley* v. *McKeegan*. The cause of the failure to perform —whether the vendor acted *bona fide*, or whether he wilfully neglected or refused—should have been left open to inquiry by the jury. It follows, of course, that, in our opinion, there was no error in refusing to instruct, that the measure of damages was the consideration money and interest.

The second instruction asked by the defendant, that the

plaintiff could not recover beyond the penalty of the bond, involves the question whether the plaintiff may sue in covenant on the condition of a bond.    If he may thus sue, we understand all the books, which treat of damages recoverable on bonds and penal obligations, to mean that he may recover without respect to the penalty.    And after a pretty full examination of the subject, yet with some hesitation on the part of one of the court, it is our opinion, that an action as for covenant broken, will lie upon a penal bond of the nature of the one before us.    Of this character, were the cases of *Stewart* v. *Noble*, 1 G. Greene, 26, and *Buckmaster* v. *Grundy*, 1 Scam., 310, in which neither counsel nor court took any exception upon this ground; and although the damages actually rendered by the jury in those cases, were within the penalty, still the rule of damage laid down and maintained in one of them, did not restrict them to the penalty; and the other case comes within the principle of *Foley* v. *McKeegan*, the obligor having died, without neglect of performance.    The distinction to be made, is between covenant, and the action of debt on the bond, making use of the former names of action.    In the latter, or an action for the penalty specifically, or on the penal part of the bond, the penalty is the limit of recovery.    1 Chit. Pl., 132; Sedg. on Dam., chap. 16; Greenl. Ev., 268, note (1); and the authorities cited.

We conclude, therefore, that there was no error in the refusal of the court to give the second instruction asked by the defendant.

The judgment is reversed upon the instruction given by the court, and the cause is remanded.