SAWYER v. WARNER.

**Damages:** MEASURE OF, IN BREACH OF CONTRACT TO CONVEY. Where A agrees to procure for B a good title to certain lots owned by a third party, but is unable to do so without fault or fraud on his part, the measure of damages is the consideration paid with interest thereon from date of payment.

*Appeal from Webster District Court.*

FRIDAY, APRIL 11.

ACTION in equity on an agreement to procure certain lands to be conveyed to the plaintiff. The facts are stated in the opinion.

*John F. Duncombe* for the appellant.

*W. G. Covil* for the appellee.

MILLER, J. — On the 18th day of November, 1870, these parties entered into the following agreement:

"Orin Warner agrees to furnish good warranty deed to Wm. C. Sawyer, for lots 6, 7, 8, 9 and 10, in block 27, in East Fort Dodge, Webster county, Iowa, free of all liens and incumbrances, for the sum of $500, to be paid on delivery of deed and abstract, showing title perfect in grantee, and Wm. C. Sawyer agrees to take good deed as above set forth and pay therefor the sum of $500, upon title appearing perfect in grantee. Time is the essence of this contract, and Wm. C. Sawyer stipulates that he shall not be bound unless deed is delivered within ten days from the date hereof."

This agreement is dated November 18, 1870, signed by the parties, and the receipt of one dollar thereon acknowledged by Warner.

The petition alleges that Warner has neglected and refused to perform his agreement; that plaintiff is ready and has

offered to perform on his part, and prays a specific perform-
ance, and in the event that the defendant shall fail to specific-
ally perform within a time to be fixed by the court the plain-
tiff asks to recover his damages for such failure, which he
places at $500.

The answer of the defendant admits the making of the
agreement and his failure to procure deed to the lots accord-
ing to the contract. He further states, in substance, that, at
the time of making the contract, he was not the owner of any
of the lots mentioned in the agreement, which fact the plain-
tiff well knew; that he had verbal authority from the owner
thereof — D. O. Finch — to make a sale of the lots, but that
afterward said Finch refused to make a deed therefor, as he
had promised, upon a sale made by defendant, and that, there-
fore, he cannot comply with the contract, and offers to return
the money paid thereon and costs accrued. The answer also
alleged a mistake in the contract and asked its reformation.

The court found on the trial that it was " impossible for the
defendant to specifically perform his contract, and that he had
failed to sustain the allegations of his answer," in respect to a
mistake in the agreement, " and there being no objections to
the consideration of the question of damages by either party,
and the same being consented to," the court found the
"measure of damages to be the consideration money actually
paid, with interest thereon from date of payment, and rendered
judgment for one dollar and six cents and costs. From this
judgment plaintiff appeals, and insists that the rule of damages
adopted by the district court is erroneous.

In *Foley* v. *McKeegan*, 4 Iowa, 1, which was an action in
equity, like the case before us, on a contract to convey land,
it was held, upon a full and careful review of the authorities,
that in an action against the vendor of real estate, for failing
to convey, the measure of damages will depend upon the
cause of the failure; that if the party agreeing to convey is
honest and has been prevented from making the conveyance
by unforeseen causes, which he could not control, the plaintiff
should recover only nominal damages when no part of the

consideration has been paid. If any part of the price has been paid, then the plaintiff may recover the sum paid, with interest. If, on the other hand, the person selling is in fault, and did know or should have known that he could not comply with his undertaking, or having the title refuses to convey, or having the title at the time of making the agreement, afterward places it out of his power to convey by conveying to a third person, or at the time of the agreement knew he had no title; in this, and in all cases where the inability to convey arises from fraud in the covenantor, the purchaser should recover substantial damages, including compensation for any actual loss, as by the increased value of the land at the time the contract should have been performed.

This rule was approved and followed in *Sweem* v. *Steele*, 5 Iowa, 352, and again in the same case in 10 id. 374, where it was further held that the same rule applied where the covenantor did not have the title — his agreement being to procure a conveyance of the lands described; and that in the absence of any evidence showing bad faith, fraud or willfully culpable neglect on his part in failing to perform his agreement, the damages should be in that case limited to the penalty in the bond.

In the case before us the defendant testifies that at the time of the agreement he informed the plaintiff that he did not own the lots. This is denied by the plaintiff, but the written contract, which was drawn by the plaintiff himself, makes it clear to our minds that the plaintiff was informed that the defendant did not have the title to the lots. He agreed "to furnish good warranty deed to the plaintiff for the lots described, free from all incumbrances." The plaintiff agreed to pay the consideration "on delivery of deed and abstract, showing title perfect in grantee," the plaintiff. The defendant enters into no covenant to convey the lots himself. The relation of vendor and vendee was not created by the contract. The contract simply bound the defendant to furnish to the plaintiff a warranty deed clear of all liens and incumbrances, vesting a perfect title in the latter to the lots mentioned. The

contract thus drawn, by the plaintiff himself, can be explained only upon the theory that both parties understood that Warner did not have the title to the lots and that he was to procure a good deed from the person who had the title thereto.

The evidence further shows that the defendant, without any fault on his part, was unable to procure a deed from Finch as he expected and had a right to expect, and that his failure to furnish the deed according to his contract arose from this unforeseen cause over which he had no control. That the defendant was honest in making the contract and has been guilty of no fraud seems to us quite clear, and that the measure of damages adopted by the court was correct under the cases above cited.

The judgment will, therefore, be

Affirmed.