Oscar Cornell v. Isabelle Rodabaugh and Joseph Roda    |117  287|
baugh, Appellants.    |h126 729|

Sales: DAMAGES: *On breach of contract.* Where a vendor acts in good faith in entering into the contract of sale, and through unforseen circumstances it becomes difficult and expensive for him to convey, but not impossible, the rule that only nominal damages will be allowed against a vendor who cannot convey does not apply, and actual damages may be allowed.

*Same.* Where a vendor refuses to convey land which he has contracted to convey, because through unforeseen circumstances it has become difficult, but not impossible, for him to convey, the measure of damages for breach is the difference between the purchase price and' the value of the land, provided the latter exceeds the former.

*Same.* A vendor cannot refuse to perform a contract to convey because the land is incumbered with a fraudulent lease which he did not know of when he executed the contract, since such lease may be annulled, and the obstacle to performance thus removed.

PERFORMANCE OF CONTRACT: A vendor cannot refuse to perform a contract to convey with clear title because the land is incumbered with lease, which he had forgotten when he executed the contract.

*Appeal from Jefferson District Court.*—Hon. T. M. Fee, Judge.

Friday, May 23, 1902.

Action in equity for specific performance of a contract to convey real estate. By an amendment to the petition, plaintiff asks that he may have a judgment for damages if the court finds defendants are unable to make conveyance. The defenses will be stated in the opinion. The trial court found there was an outstanding life lease, previously executed by defendants, to a third party, on the land; fixed

a day for them to remove said incumbrance and make a deed; and in default thereof gave plaintiff judgment for the sum of $409, which amount was determined to be his damages. Defendants appeal.—*Affirmed.*

*Leggett & McKemey* for appellants.

*Raney & Simmons* for appellee.

WATERMAN, J.—On the 28th day of October, 1898, the defendants, through their lawfully authorized agent, entered into a written contract with plaintiff whereby they sold him 32 72-100 acres of land in Jefferson county at the price of $37.50 per acre. The agreement recited that plaintiff had that day deposited in the savings bank at Fairfield, as part consideration, the sum of $150, and, upon paying the remainder, $1,077, to said bank, on or before December 1st of that year, was to receive a warranty deed of the land, together with an abstract showing a clear title. The writing was executed by plaintiff in person, and by defendants through their said agent. Payment and tender were made by plaintiff as agreed. One Wolf was in possession of the land at the time of the execution of this contract, and it is his possession that gives rise to the present controversy. It seems that Wolf's rights were first obtained in the year 1894 under a lease from defendant Isabelle Rodabaugh, which gave him the use and occupancy of the land during the lessor's pleasure in consideration of his paying taxes and keeping up repairs. It is claimed by defendants that in the year 1896 Wolf represented that the first lease was lost, and at his request defendant Isabelle Rodabaugh executed another lease to him, intending it to contain the same terms as the first, but that unknown to her it was made to grant a tenancy during the life of said Wolf and his wife. Defendants assert that Isabelle Rodabaugh acted in good faith at the time the contract with plaintiff was made, believing Wolf's

tenancy could be terminated at her will; that she has made every exertion to induce Wolf to surrender his lease, but without avail; and she asserts it would be inequitable to compel her to clear the title or pay any substantial sum in damages.

I.   Isabelle Rodabaugh was some 80 years of age when the contract with plaintiff was made.  We do not understand there is any issue as to the fairness of the agreement, nor any objection made by defendants, so far as the pleadings are concerned, to carrying it out, save that they are unable to perform.  We may therefore disregard what is said by appellants in argument as to inadequacy of consideration.

II.   The principal question discussed relates to the measure of damages in a case of this kind.   Appellants contend that if the vendor acts in good faith, and is prevented from conveying by unforeseen causes which he could not control, no more than nominal damages should be allowed merely for the failure to perform, and cites: *Foley v. McKeegen*, 4 Iowa, 1 (66 Am. Dec. 107); *Sweem v. Steele*, 5 Iowa, 352; *Beard v. Delaney*, 35 Iowa, 16; *Sawyer v. Warner*, 36 Iowa, 333; *Donner v. Rodenbaugh*, 61 Iowa, 269.  The language relied upon by appellants is found first in *Foley v. McKeegan*, and is quoted with approval in the other cases, but it is a part only of the rule laid down.  We set out the statement of the rule upon which reliance is had, for the purpose of showing that appellant's case does not come even within its terms.  "If the vendor is honest, and cannot convey because of unforseen causes which he could not control, the vendee should recover only nominal damages.  We believe that the measure of damages should depend upon the cause of the failure.  If the person selling is honest, and is prevented from making the conveyance by unforeseen causes which he could not control, plaintiff should recover only nominal

damages." It will be noticed this language applies only to the honest vendor who cannot convey, not to one who finds it merely somewhat expensive to do so. It is undisputed that defendants could have procured the surrender of Wolf's lease upon payment of $300, and they refused to do it. They were able to make the title they agreed to convey, and refused on account of the expense. The rule restricting damages in cases of this kind to those only nominal should not be extended. In 2 Sutherland Damages, section 579, it is said: "The reasoning upon which the damages have been made merely nominal against a defaulting vendor who has acted in good faith, and been prevented from performing by unforeseen causes, has not been entirely satisfactory even to judges who have applied that rule in consequence of the supposed weight of general or local authority. * * * The vendor has the means of ascertaining his title, and where he undertakes absolutely to convey a particular estate it is more consistent with the responsibility which the law attaches to all other undertakings to impose the obligation which it imports, and the liability to make full compensation on default." While there is no such issue tendered by the pleadings, the thought runs all through appellants' argument that the lease to Wolf was procured by his fraud. If this were so, that incumbrance could, in a proper proceeding, have been annulled, and therefore would present no serious obstacle to the performance of the contract. If it is valid, the mere fact that Isabelle Rodabaugh forgot its terms when she made this contract should not excuse the performance of her obligation.

III. The trial court allowed, as damages, the difference between what the land was actually worth and the price which plaintiff agreed to pay. Under the facts, this was a correct measure. *Yokom v. McBride*, 56 Iowa, 139, and cases above cited. See also, *Muenchow v. Roberts*, 77 Wis. 520 (46 N. W. Rep. 802).—AFFIRMED.