Capstick *v.* Crane.

*For affirmance*—The Chief-Justice, Dixon, Garrison, Fort, Hendrickson, Pitney, Swayze, Bogert, Vredenburgh, Vroom, Green—11.

*For reversal*—None.

---

John H. Capstick, respondent,

*v.*

Gilbert D. Crane et al., appellants.

[Argued November 20th, 1903.   Decided May 13th, 1904.
Filed May 13th, 1904.]

The defendants agreed in writing with Cahill to convey, by general warranty deed, land which was at the time subject to a right of way. Cahill assigned the agreement to the complainant, who, upon the refusal of defendants to fulfill the contract, filed a bill praying for specific performance, with compensation for the encumbrance. It was agreed that the right of way should be considered as located along the boundary line between the tract to be conveyed and other property of the complainant.— *Held*, (1) that in determining the compensation the peculiar value of the tract, if unencumbered, to the complainant for development in connection with his other land, cannot be considered; (2) that under the circumstances of this case, compensation is such sum as bears the same proportion to the whole purchase-price as the area of land affected by the right of way bears to the whole area.

---

On appeal from a decree advised by Vice-Chancellor Pitney.

*Mr. George T. Werts* and *Mr. Newton S. Kitchell,* for the appellants.

*Mr. Richard V. Lindabury* and *Mr. Willard W. Cutler,* for the respondent.

The opinion of the court was delivered by

SWAYZE, J.

The bill in this case was filed to compel the specific performance of an agreement for the sale of land, made between the defendants and Edward J. Cahill on May 15th, 1902, and assigned by Cahill to the· complainant, May 22d, 1902. The agreement was for the conveyance of property by a general warranty ·deed for a consideration of $10,000 in cash. The property was encumbered by a mortgage for $3,500, by a right which had been granted by Crane to one Van Duyne to lay a pipe under a portion of the premises and by a right of way over a portion of the premises which had been reserved in a deed to a former owner. The defendants refused to make a warranty deed, and the complainant filed his bill, in which he set up the encumbrances and prayed that the defendants might specifically perform the contract and execute and deliver a deed in accordance with its terms; or, that if the defendants could not convey the property free from the encumbrances, that they might be decreed to convey· the same, and that the complainant might be allowed such deduction from the purchase price as the court should think equitable.

No question as to the complainant's right to a decree is raised by the appeal. The amount of the mortgage is a mere matter of calculation, and the necessity of deducting it from the purchase price is conceded. The parties agreed at the hearing that the compensation for Van Duyne's right to lay pipe should be $25. The vice-chancellor allowed a compensation of $2,000 for the encumbrance of the right of way. .

The petition of appeal complains of the allowance for the right of way, and also of the allowance for the right to lay pipe; but the latter complaint was not pressed upon the argument. The only matter presented by the petition of appeal now to be considered is the allowance of $2,000 for the right of way.

This right, as reserved in the deed to the defendants' predecessor in title, was indefinite, but at the hearing before the vicechancellor the parties agreed that the case might be disposed of

and the compensation determined upon the assumption that the road was located along the extreme westerly line of the whole tract to be conveyed, and was not more than thirty feet in width.

The tracts to be conveyed contain in all about twenty-eight acres. The tract of land affected by the right of way is about two and one-half per cent. of the whole area. The buildings and improvements are on that portion of the tract which is remote from the right of way, and the only damage is such as arises from the defect in the title to this strip of land, which has no peculiar value distinguishing it from the rest of the tract. There was evidence, on the part of the complainant, that the whole tract, as encumbered by the right of way, was worth from $2,500 to $4,000 less than it would have been if not so encumbered. The vice-chancellor rejected all of the estimates of the witnesses and adopted his own estimate of $2,000. The case makes it clear to us that these estimates could only be reached by a consideration of the value of this tract of land for development for business purposes in connection with a tract adjoining on the west already owned by the complainant. The evidence justifies the belief that the defendants' land possessed a peculiar value to the complainant for such development; but in our judgment this peculiar value to the complainant is not the equitable basis for the allowance of compensation. There is nothing to show that the defendants, at the time the agreement was made, knew of any intention to unite the two properties and develop them as one. They could hardly have suspected such an intention, for the contract was with Cahill, not with the complainant, and the evidence indicates that Cahill was employed to procure the agreement for the very purpose of preventing any suspicion on the part of the defendants that the complainant was the real purchaser.

There are no circumstances in this case to take it out of the ordinary rule stated by Sir William Grant in *Hill* v. *Buckley, 17 Ves. 394,* that where there is less land than was agreed to be sold, the ordinary mode is to ascertain the quantity and take it ratably. This rule has been substantially adopted in the court of chancery in this state in *Couse* v. *Boyles, 3 Gr. Ch. 212; Day-*

*ton* v. *Melick, 5 Stew. Eq. 570; Van Blarcom* v. *Hopkins, 18 Dick. Ch. Rep. 466.* By adopting it in this case no injustice will be done the complainant; it allows him as large a deduction from the purchase price as if the title to the strip occupied by the right of way entirely failed; and although he does not, perhaps, get as good a bargain as he anticipated, he has, by his bill, sought for such title as the defendants can give, and has submitted the amount of compensation to the court. This basis of computation is not unfair to the defendants, for the strip encumbered by the easement can have but little value, if any.

Two and one-half per cent. of the purchase price is $250. We think that justice will be done if the compensation is fixed at that amount. The decree must be reversed and a decree entered in conformity with this opinion.

*For reversal*—DIXON, GARRISON, FORT, HENDRICKSON, PIT-NEY, SWAYZE, BOGERT, VREDENBURGH, VROOM, GREEN—10.

*For affirmance*—None.