## DULUTH, WINNIPEG & PACIFIC RAILROAD COMPANY v. URBAN INVESTMENT COMPANY.[1]

### April 22, 1921.

### No. 22,137.

**Executory contract of sale of land — deduction for lands not conveyed.**

1. Contract to sell and convey certain tracts of land, reciting that grantor does not own all of such tracts, but will attempt to acquire title thereto, and that failure so to do is not to work a rescission, but a reduction in the purchase price shall be made, corresponding with the difference in value of all tracts described in the contract and those to which title is procured, provides the method of arriving at the amount to be deducted on account of the lots not procured or conveyed.

[1]Reported in 182 N. W. 605.

**Rulings on evidence correct.**

     2. Ruling on admissibility of testimony considered and *held* not error under the issues.

    Action in the district court for Ramsey county to enforce specific performance of a contract to sell real estate. The case was tried before Dickson, J., who made findings and ordered judgment that defendant recover from plaintiff $11,454.73 and interest from December 1, 1919, and upon payment thereof plaintiff was entitled to receive from defendant deeds conveying to it all of the property described in the contracts excepting the several parcels title to which defendant did not acquire. Defendant's motion to amend the findings was granted in part and denied in part. Plaintiff's motion to amend the findings so as to allow plaintiff interest since November 14, 1911, on the amount of damages it has sustained by defendant's inability to convey all the land agreed to be conveyed, was denied. From the judgment entered pursuant to the order for judgment, both parties appealed. Reversed and remanded.

    *Washburn, Bailey & Mitchell,* for plaintiff.

    *John F. Fitzpatrick,* for defendant.

QUINN, J.

    This is an action in equity to enforce specific performance of a contract for the sale and conveyance, for railroad purposes, of certain real estate described therein. The trial court made findings in favor of plaintiff upon which judgment was entered and both parties appealed.

    On November 14, 1911, the defendant, Urban Investment Company, and Andrew D. Davidson, entered into a contract under which the investment company agreed to sell, and Davidson agreed to buy, the real property described therein, the purchase price to be $750,000, $25,000 payable in cash, $50,000 in one year, and the balance in four equal annual instalments, the unpaid balance to bear interest at 5 per cent per annum, payable semiannually. Davidson was acting in the interests of the plaintiff railway company. The property was purchased for a railroad right of way entrance into the city of St. Paul. Payments were made from time to time under the contract, and in April, 1916, Davidson died. There was then unpaid on the contract the sum of $444,049.26. On June 30, 1916, the plaintiff railroad company and the defendant in-

vestment company entered into a contract which recited the making of the original contract, and the purchase price of $750,000, and provision was made for the payment of the balance thereof, with interest at 6 per cent per annum, payable semiannually on the first days of June and December. Promissory notes were executed for the full amount then remaining unpaid upon the original contract, except the sum of $64,-049.26, as to which it provided: "The remainder of the purchase price under said purchase contract, being the sum of $64,049.26, shall be paid with interest at said rate on or before the first day of December, 1919, subject to all deductions on account of properties included in said purchase contract, to which said investment company shall not then be able to convey title, as specified in said purchase contract, and if said sum should not be sufficient for such properties, said investment company shall pay to said railroad company, any sum that might be needed therefor."

The railroad company paid all of the promissory notes as they became due. It also paid the interest on the $64,049.26 to June 1, 1919. Defendant was unable to acquire title to all of the tracts covered by the contract. The original contract recited that the investment company did not own all of the lands covered thereby, but that it would attempt to procure title to the same, and that Davidson should assist therein, either personally or by the power of condemnation which might be vested in any company to which his interest therein might be transferred. It further provided that if, after exhausting all of the methods referred to, the investment company should still be unable to acquire title to parts of the lands: "Such failure shall not rescind this agreement, but a reduction shall be made in the purchase price corresponding to the difference between the value of the whole property hereby agreed to be sold and the value of the portion thereof to which the first party shall be able to make title."

The contract of June, 1916, provided that: "The railroad company shall be under no obligation to condemn any property, unless it shall be ready to occupy the same for railway purposes before final payment hereunder."

It was agreed between the parties, upon the trial, as to what part of the whole property defendant could not convey title, so that the only ques-

tion to be determined is: What deduction shall be made in the purchase price?

It is the contention of defendant, that the fair market value of the lands which it was unable to acquire is all that the contract contemplates should be deducted from the purchase price, and that it was error to admit testimony upon any other theory; that it was error to receive proof of and to find that the land covered by the contract was, in December, 1919, of the value of $663,809, and that the value of the lands which it did acquire was $609,293, as a basis for determining the amount to be deducted from the purchase price. We are unable to concur in this contention. The contract speaks for itself in this regard. It makes no reference to the fair market value of the segregated parcels which defendant might not be able to acquire. It provides specifically how the amount of deduction for the segregated parcels shall be arrived at. The method provided for is equitable and just. The manner adopted by the witnesses, in arriving at the value of the many tracts, is of but little importance. The same plan was applied throughout the entire appraisement, and we see no room for prejudice to either party flowing therefrom. The defendant offered no proofs bearing thereon. The result arrived at by the trial court seems to be just and fair.

As we read the contract, the intention of the contracting parties was, that in case defendant should be unable to acquire title to a portion of the lands covered by the contract, such fact should not work a rescission of the agreement, but a reduction should be made in the purchase price mentioned in the contract. This provision, we think, means a reduction equal to the difference between the value of all the lands covered by the contract and the value of the lands to which the defendant acquired title, which the trial court found to be $54,516.

In support of its appeal the plaintiff contends that it is entitled to a credit of $22,163.79, being the amount of interest which it actually paid to defendant, upon the $54,516 above referred to, which two items amount to $76,679.79, and that in addition thereto it claims that it should be allowed a credit for interest on each payment of interest made on said sum of $54,516, from the time such payments of interest were made to December 1, 1919.

The unpaid balance of the purchase price, $64,049.26, plus the in-

terest thereon from June 1, to December 1, 1919, amounts to the sum of $65,970.73, leaving an overpayment by the plaintiff on December 1, 1919, of $10,709.06, for which, with interest at the legal rate, plaintiff is entitled to judgment.

The plaintiff, however, is entitled to the return of only the interest actually paid to the defendant, on the item of $54,516. The reduction represents nothing with which defendant has ever parted, and, not being entitled to the principal, it is not entitled to interest thereon. It could not maintain an action against plaintiff to recover either the principal or interest. On the other hand, plaintiff is not entitled to interest on the interest paid, for no obligation to pay it arose on the part of the defendant until its time to perform expired, which was December 1, 1919.

We find no error requiring a reversal of the judgment on account of the defendant's appeal. But, upon plaintiff's appeal, the judgment must be reversed and the action remanded, with instructions to enter judgment directing the conveyance of the lands to which title can be made, and the payment to the plaintiff by the defendant of $10,709.06, with interest from December 1, 1919.

It is so ordered.