## LEE WAH KOON v. MAUI DRY GOODS AND GROCERY COMPANY, LIMITED, A CORPORATION.

### No. 1773.

ARGUED JANUARY 18 AND FEBRUARY 2, 1928. DECIDED FEBRUARY 10, 1928.

PERRY, C. J., BANKS AND PARSONS, JJ.

OPINION OF THE COURT BY PARSONS, J.

This case is now before us on appeal from a decree on its merits. The suit is for specific performance of a contract for the conveyance of certain interests in realty. Demurrer ;to complainant's bill was sustained by the trial judge in a decree heretofore appealed from and reversed, as reported under the same title as hereinabove, in 29 Haw. 669. Reference is made to the opinion of this court in the report last above cited for a statement of the allegations of fact in complainant's bill. Upon remand to the trial judge, answer was filed by the respondent and the case proceeded to a hearing upon its merits. Proof was adduced in support of the allegations of the bill. The following facts, among others, are not disputed, viz: that on or about August 4, 1925, complainant paid respondent $200 in cash and executed and delivered to

respondent his promissory note for $150, payable November 15, 1925, and that thereupon respondent executed and delivered to complainant an instrument in writing as follows: "$200 Wailuku, Maui, August 4th, 1925. Received from Lee Wah Koon two hundred and 00/100—dollars, in cash and promissory note for $150.00, total $350.00, being the price agreed upon for surrender of all of our right, title and interest, as well as all right, title and interest of Takemori in and to 14 acres of land under lease, at Waiakoa, Kula, Maui, T. H. Takemori to remove his buildings, and to take out his bean crop on or before November 15th. Maui Dry Goods & Grocery Co Ltd. J. Garcia President."

Testimony on behalf of respondent was admitted, over complainant's objection, to the effect that the instrument last above quoted was a temporary receipt for $200, which did not contain all the terms of agreement, part of which were oral; and that one of the oral conditions was that surrender to complainant of respondent's interest in the premises described should be contingent upon the cancellation of Takemori's sublease. After submission the trial judge filed a written decision in which were reported the following findings of fact: "On March 2nd, 1925, plaintiff brought an action of ejectment against the respondent (being Law No. 972) to recover the possession of the same property involved in the present suit. In this ejectment case judgment was entered in favor of the defendants pursuant to the decision of the trial judge filed July 28th, 1925. The effect of the decision was that the Maui Dry Goods and Grocery Company, Limited, had an extension of its lease on the premises for a number of years. After the decision of the trial judge in the law action was filed, the plaintiff, and his attorney, called upon Mr. Garcia, president of respondent—Maui Dry Goods and Grocery Company, Limited, and instituted negotiations to secure

the surrender of the Maui Dry Goods and Grocery Company, Limited, and Takemori leases on the premises. Mr. Garcia informed complainant and his attorney that he would, for a consideration surrender the Maui Dry Goods and Grocery Company, Limited, lease, subject to the rights of the sublessee, Takemori, and that he would see Takemori and find out if he was willing to surrender his sublease. There had been some talk prior to this that. Takemori was willing or anxious to surrender his lease because of poor crops, failure, or other reasons. Thereafter Garcia saw Takemori, and, later, on or about August 4th, 1925, saw the complainant and his attorney and informed them that he had seen Takemori, and that Takemori was willing to surrender his lease if he was permitted to remove his buildings and a bean crop growing on the land, and that the Maui Dry Goods and Grocery Company, Limited, would surrender its lease for three hundred fifty ($350.00) dollars, two hundred ($200.00) dollars cash and a note for one hundred fifty ($150.00) dollars. Complainant paid the $200.00 called for in the receipt and executed his note for $150.00, which is now in evidence and unpaid. Shortly thereafter Mr. Garcia saw Takemori and requested him to sign a release of his sublease, but Takemori refused so to do. Mr. Garcia reported to complainant the fact that Takemori had refused to surrender his lease as he had agreed. Some time shortly after this complainant changed attorneys and the new attorney demanded that the Maui Dry Goods and Grocery Company, Limited, not only surrender its own lease but also the sublease of Takemori. Whereupon, under date of November 20th, 1925, respondent, Maui Dry Goods and Grocery Company, Limited, tendered to complainant the three hundred fifty ($350.00) dollars consideration so received by it, and this tender was refused. On December 8th, 1925, complainant tendered the respondent one

hundred fifty ($150.00) dollars in payment of said note, and this tender was refused. The respondent, Maui Dry Goods and Grocery Company, Limited, is now and at all times has been willing to surrender all its interest in the lease to said premises under the agreement so made upon being paid the purchase price. I think the foregoing facts are determinative of the case in that it is clearly shown that the receipt on which suit is brought does not set out the contract made between the parties, and that the contract made does not require the Maui Dry Goods and Grocery Company, Limited, to surrender nor to procure the surrender of the Takemori sublease."

Upon said decision was entered the decree appealed from, which we quote in part as follows: "It is adjudged, ordered and decreed, that the Maui Dry Goods and Grocery Company, Limited, the respondent herein, make, execute, acknowledge, and deliver to the complainant, Lee Wah Koon, a surrender of all of the interest of the said Maui Dry Goods and Grocery Company Limited in and to the premises described in the complaint upon the payment to the said respondent of the full sum named in the receipt in said bill referred to, less any rental received by said respondent from K. Takemori subsequent to August 4, 1925; provided, however, that if such payment be not made by the complainant to the respondent within 10 days from the date of the decision herein, then and in such case, it is adjudged, ordered and decreed that the said cause be and hereby is dismissed. It is further adjudged, ordered and decreed that in either event, the respondent have and recover its costs in such sum as may be taxed herein."

The transcript of testimony and the portion of the record above set forth are sufficient to show that the trial judge permitted the respondent, over objection, to introduce evidence of a contemporaneous oral agreement

tending to vary or contradict the terms of the written and signed memorandum of the agreement sued upon and that his decree was based upon a finding in support of said oral agreement. It is argued on behalf of respondent that the instrument sued upon was shown to be nothing more than a receipt for money paid and that parol evidence was therefore admissible to contradict its terms. An examination of the instrument shows that it bears a two-fold character, viz: (a) that of a receipt and (b) that of a memorandum of agreement. It was a receipt for $200 cash and for a promissory note of $150. If the $200 had not in fact been paid, or if the note for $150 had not been executed and delivered, it would have been competent under well recognized rules of evidence for the respondent to have introduced evidence to that effect. But the instrument was more than a receipt. It was likewise a memorandum of agreement. It was sufficient in form and substance to satisfy the requirements of the statute of frauds with reference to contracts for the sale of interests in lands. See *Ullsperger* v. *Meyer,* 217 Ill. 262, 75 N. E. 482, 2 L. R. A. (N. S.) 221. It was sufficient in this and other respects to sustain a suit for specific performance. *Lee Wah Koon* v. *Maui Dry Goods & Grocery Co., Ltd.,* 29 Haw. 669. Those parts of the instrument which are contractual in their nature are subject to the same rules of evidence which apply generally to written agreements. Quoting from 4 Jones on Evidence, 2d ed., par. 1635, pp. 2994, 2995: "Although an instrument is in form a receipt, if it is in fact a complete contract it is governed by the same rules in this respect as are other contracts, and cannot be varied by parol. But if the instrument is of a dual character, being both a receipt and a contract, the part which is a receipt may be explained; and, if a contract is incorporated in a receipt, or a receipt in a contract, the receipt may be varied, al-

though the contract may not," citing in the footnotes, among many other cases, *Loeb* v. *Flannery*, 148 Ill. App. 471. To the same effect was the opinion of the United States circuit court of appeals, second circuit, delivered by Henry Wade Rogers, circuit judge, in *Vanderbilt* v. *Ocean S. S. Co.*, in 215 Fed. 886.

The complaint having set forth sufficient grounds for equitable relief as heretofore determined, the complainant having proved the essential averments of his complaint, and the testimony offered by respondent of a different, contemporaneous or prior oral agreement having been incompetent under the circumstances hereinabove recited to vary the terms of the contract sued upon, the trial judge's decision and decree should have been for the complainant.

The evidence supports the finding of the trial judge that Takemori has refused to enter into a cancellation of his sublease. It is true that the evidence also shows that no attempt was made by the Maui Dry Goods and Grocery Company, Limited, to purchase Takemori's interest and that Takemori's interest might have been obtained for a consideration. Facts similar to these have been held to be material where defendant has claimed a restriction to a nominal amount of damages to be awarded, and have been held to defeat such restriction. See *Cornell* v. *Rodabaugh*, 117 Iowa 287, 90 N. W. 599, 94 A. S. R. 298, 300. Nevertheless, because of Takemori's refusal to surrender his sublease, full performance of respondent's contract cannot herein be decreed. The rule applicable to such circumstances has already been determined by this court in the earlier appeal of this case, viz: that the complainant is entitled to specific performance as to the conveyance of respondent's interest in said premises, with compensation or abatement on account of the subtenant's interest therein. "The abatement may even be allowed by ordering a repay-

ment of a proportionate part of the purchase money where the entire consideration was paid and the vendor is unable to convey part of the land." 25 R. C. L. 250, citing *Pratt* v. *Law,* 9 *Cranch* 456, 3 U. S. (L. Ed.) 791.

As to the measure of abatement or compensation, authorities differ. In *Eppstein* v. *Kuhn,* 225 Ill. 115, 80 N. E. 80, 10 L. R. A. (N. S.) 117, 125, the court said: "We are of opinion, however, the court erred in holding appellee was entitled to only nominal damages. Under the facts disclosed by the proof, the premises were subject to an encumbrance of the lease to McDonnell for at least one year from April 15, 1904. Eppstein having contracted to convey appellee the premises free from all encumbrances July 1, 1904, appellee was entitled to have deducted from the purchase price the amount the premises were depreciated in value, if they were depreciated, by reason of the existence of the encumbrance." The case last above cited was remanded for further proof as to the amount of depreciation of the premises because of the encumbrance of the McDonnell lease, with instructions to deduct the amount so ascertained from the agreed purchase price of $7000.

In *Capstick* v. *Crane,* 66 N. J. Eq. 341, 57 Atl. 1045, where the agreement was for the sale of twenty-eight acres of land, under a warranty, for $10,000, specific performance was decreed by the vice chancellor with compensation in the sum of $2000 for the encumbrance of a right of way affecting about 2½% of the entire area. "There was evidence on the part of the complainant that the whole tract as incumbered by the right of way was worth from $2,500 to $4,000 less than it would have been if not so incumbered. The vice chancellor rejected all of the estimates of the witnesses and adopted his own estimate of $2,000." *Id.* p. 1046. Upon appeal the decree was reversed and compensation was allowed in a sum which bore the same proportion to the whole purchase

price as the area of the land affected by the right of way bore to the whole area.

In *Triplett* v. *Ivins,* 93 N. J. Eq. 202, 112 Atl. 509, 511, where a vendor of land who had contracted to sell the fee had only a life estate, the court said: "A decree will be advised securing to complainant a life estate as of the date named. A reference may be had to a master to determine its value on the basis of the contract price as the value of an absolute estate in fee." Again, in *Duluth W. & P. R. Co.* v. *Urban Inv. Co.,* 148 Minn. 450, 182 N. W. 605, cited in a footnote to paragraph 438, Pomeroy's Specific Performance of Contracts, 3d ed., the method of estimating compensation was held fixed by the contract between the parties. In *Minge* v. *Green,* 176 Ala. 343, 58 So. 381, a vendee seeking specific performance of a contract for the conveyance of realty, with abatement of the purchase price to compensate for a dower right encumbrance, was decreed to be entitled to a reservation by way of indemnity, the court holding that while this deduction is ordinarily in an amount in proportion to the purchase price as the value of the dower is to the value of the whole property, yet when the purchase price was payable in both money and property it could not exceed that part payable in money.

While the above cited rulings differ in details, all seem to concur in one particular, viz: that in any event the amount of compensation shall not exceed the agreed purchase price. Counsel for complainant urge that compensation should be commensurate with the actual damage shown to have been suffered by the complainant by reason of respondent's failure to perform, without limitation to the parties' own contract valuation of the interests to be conveyed. Upon reason and authority a more equitable apportionment would be upon the basis of the contract price.

The evidence justifies a finding of the following facts, viz: the Maui Dry Goods and Grocery Company, Limited, claims a right to occupy said premises as under a ten-year renewal of its lease until March 27, 1932, at an annual rental of $4 per acre; Takemori's sublease contracts for a term to expire November 1, 1931, at an annual rental of $8 per acre; the market rental value of said fourteen acres at the date when said contract was to be performed, based upon actual rentals of similar lands in the same vicinity, was $16 per acre per annum. Upon these facts it follows that Lee Wah Koon, at the date of commencement of said proceeding, was receiving $4 for land worth $16 per acre per annum, representing a loss to him of $12 per acre per annum. The release to Lee Wah Koon of the Maui Dry Goods and Grocery Company's claim alone increases the complainant's rentals by $4 per acre per annum and decreases its loss one-third, leaving a net loss of $8 per acre per annum, or two-thirds of the loss sustained by complainant by reason of respondent's failure to perform its contract. This loss, apportioned to the purchase price of $350, would be $233.33. This result is subject to adjustment, due to the fact that at the time the contract was to have been performed Takemori's sublease had approximately six years to run, while the Maui Dry Goods and Grocery Company's term, under its claim of right of renewal, was for approximately that time and four months more. Making allowance for this difference and disregarding fractions of a dollar in the computation, we conclude that the agreed purchase price of $350 should be abated in the sum of $221. Complainant has been entitled to all rentals which have accrued under Takemori's sublease since the date of said contract. All items collectible hereunder should bear interest at the legal rate from their respective due dates. Complainant

is entitled to specific performance in part and abatement or compensation as above set forth.

The decree appealed from is reversed. A decree in conformity with the foregoing opinion will be signed upon presentation.

*N. D. Godbold* (*A. E. Jenkins* and *Heen & Godbold* on the briefs) for complainant.

*E. R. Bevins* (also on the brief) for respondent.