## FREDERICK CLUTE v. GEORGE FISHER.

*Riparian ownership—Inland lakes—Trespass—Right to cut ice.*

1. The doctrine that private ownership of lands bounded on navigable fresh water is not restricted to the meander line applies to the small inland lakes of this State by analogy, whether they can strictly be termed navigable or not.

2. The owner of a fractional subdivision of land, made so by an inland lake, owns the soil under the water of said lake which would be included within the subdivision if its lines were *fully* extended, and can maintain trespass against any one who cuts and removes the ice formed over *such* soil without his consent.

Error to Berrien. (Smith, J.) Argued January 25, 1887. Decided February 10, 1887.

Trespass. Plaintiff brings error. Reversed. The facts are stated in the opinion.

*Clapp & Bridgman,* for appellant.

*Edward Bacon,* for defendant.

MORSE, J.    The plaintiff brought suit in justice's court, in an action of trespass, against the defendant for entering upon the land of the plaintiff, said land being then and there covered with water, and a lake, and cutting and hauling away 10 loads 'of ice, the property of the plaintiff, to his damage $25.

The defendant pleaded the general issue, and gave notice that the land, under the waters of said lake upon which the ice was cut, was not the property of the plaintiff, but that such land belonged to the United States, the State of Michigan, the county of Berrien, and the township of Three Oaks; and that he entered upon such land by means of a lawful highway going into said lake, and therefore such entry and such taking of ice were lawful; whereupon the justice certified the case to the circuit court for trial.

Upon the trial in that court it appeared, without dispute, that the lake upon which the ice was cut was situated in the township of Three Oaks, and duly meandered in the original United States survey.    The lake, as meandered, was on the south-east quarter of section 14, the north-east quarter of section 23, and a small corner upon the north-west quarter of section 24.    The United States issued to purchasers of all government subdivisions of sections adjoining said meander lines patents for such subdivisions as fractional.    No patent was ever issued *in terms* for any land or water within the meander lines, unless the patents for the adjoining lands be held to have such effect.

The plaintiff was, for some time before and at the time of the alleged trespass, the owner and possessor of the government subdivisions of the land adjoining said meandered lines on sections 14 and 23.

January 25, 1886, the defendant went along a road going to said lake, from the west to the lake, running on the section line between 14 and 23.    Went out on the frozen lake to a spot within what would have been the lines of section 14,

and cut and took away 10 loads of ice, worth one dollar in all, notwithstanding the plaintiff forbid him to do so. The circuit judge instructed the jury that the land under said ice was the land of the State of Michigan, and directed the jury to find for the defendant. Verdict and judgment passed accordingly.

The court erred. The plaintiff, being the owner of the fractional subdivisions of section 14 bordering on the meandered lines of the lake, must be considered the owner of the land under the lake on section 14.

It has been held in this State that the soil under the water of the inland lakes in this State does not belong to the general government or to the State. *Rice v. Ruddiman*, 10 Mich. 125. See, also, *Lorman v. Benson*, 8 Mich. 18; *Ryan v. Brown*, 18 Id. 196; *Watson v. Peters*, 26 Id. 508; *Richardson v. Prentiss*, 48 Id. 88; *Bay City Gas Light Co. v. Industrial Works*, 28 Id. 182; *Maxwell v. Bay City Bridge Co.*, 41 Id. 466; *Pere Marquette Boom Co. v. Adams*, 44 Id. 403; *Backus v. Detroit*, 49 Id. 110; *Fletcher v. Thunder Bay R. Boom Co.*, 51 Id. 277; *Lincoln v. Davis*, 53 Id. 375, 388, 390; *Webber v. Pere Marquette Boom Co.*, 62 Id. 627.

It has also been repeatedly decided in this State that private ownership of lands bounded on navigable fresh water is not restricted to the meander line. *Lorman v. Benson*, 8 Mich. 18; *Bay City Gas Light Co. v. Industrial Works*, 28 Id. 182; *Maxwell v. Bay City Bridge Co.*, 41 Id. 453; *Pere Marquette Boom Co. v. Adams*, 44 Id. 403; *Rice v. Ruddiman*, 10 Id. 125; *Palmer v. Dodd*, 64 Id. 474. This doctrine must also apply to the small inland lakes of this State by analogy, whether they can strictly be termed navigable or not.

We have also held, in accordance with the decisions of the Supreme Court of the United States, that the land described as the fraction of any subdivision, as, for instance, the south-east fractional quarter, cannot be extended beyond the lines of said south-east quarter as they would run if extended.

*Wilson v. Hoffman,* 54 Mich. 246; *Keyser v. Sutherland,* 59 Id. 455; *Brown's Lessee v. Clements,* 3 How. 665; *Palmer v. Dodd,* 64 Mich. 474.

It necessarily and logically follows from these decisions that neither the United States, nor the State of Michigan, owns the bed of this lake, which is a small body of water. Nor can any person owning lands described as a subdivision, fractional or otherwise, of any section, other than 14 or 23, hold any title to the soil under this lake contained within the lines of said sections 14 and 23, by virtue of being a riparian owner of the bank of the lake upon some other section or otherwise. A person owning land on the shore of this lake, on section 24, could extend his riparian ownership of the soil no further than the line of said section 24 as it would run if extended through the lake, if his land was described in his deed or patent as a subdivision of said section 24. It therefore becomes apparent that the true and only rule to give effect and harmony to these decisions, and place the ownership of the bed of this lake in some person or persons, so that the extent and boundary lines of such ownership may be easily ascertained, is to invest the holder of the title of any fractional subdivision of a section bordering upon this lake with the ownership of the bed of the lake to the lines of said subdivision as they would be if continued through or into the lake.

This rule establishes the ownership of the soil under the lake, within the lines of section 14, to be in the plaintiff. The ice was taken off from said section, and therefore was the property of the plaintiff.

The law in this State has always recognized the principles of riparian ownership with reference to the lakes within this State. Land has been bought and sold with reference to such rights; and the bed of these lakes must be considered as belonging, beyond question, to the riparian proprietors, and to no one else. In a conflict between riparian proprietors,

their rights will be determined, and the boundaries of their ownership fixed, when holding titles to the adjoining lands, described by sections or the subdivisions of sections, by the lines of such sections or subdivisions, if possible, as before stated.    And in a case like the present, where the pond or lake is almost entirely within two sections, and within the south-east quarter of one, and the north-east quarter of the other, the extent of the ownership of each proprietor is easily ascertainable, and there need be no conflict as to the relative rights of each in the ice forming thereon.    But in case of a body of water so large that the lines of the sections, or subdivisions of sections, held by the proprietors of the lands adjoining or surrounding said lake, if extended, do not embrace the whole of said lake, then the rule of riparian ownership may be extended to the center line of said lake, in accordance with the rule laid down by Justice CAMPBELL in *Lincoln v. Davis*, 53 Mich. 390.

The judgment is reversed, and a new trial granted.

CAMPBELL, C. J., and CHAMPLIN, J., concurred.    SHERWOOD, J., did not sit.