JOSEPHINE HUNTSMAN *vs.* WILLIAM HENDRICKS and wife.

November 1, 1890.

**Deed—Covenants for Title—Breach—Damages.**—*Kimball* v. *Bryant,* 25 Minn. 496, and *Ogden* v. *Ball,* 38 Minn. 237, to the effect that when a deed passes an estate of value, though not that covenanted, it is to be considered in measuring the damages for a breach of the covenants for title, followed.

**Same—Error Favorable to Appellant.**—In assessing the damages in such a case, the court, in determining what passed by the deed, adopted the rule least favorable to the defendant. *Held,* that as plaintiff was not prejudiced she cannot complain.

Appeal by plaintiff from an order of the district court for Ramsey county, *Kelly,* J., presiding, refusing a new trial after trial by the court, and judgment of $100 ordered for plaintiff, the amount claimed in the complaint being $1,000.

*William G. White,* for appellant.

*W. D. Cornish,* for respondents.

GILFILLAN, C. J.    Action on the covenants contained in a deed conveying lots in block 6 of Hitchcock's addition to West St. Paul, brought by the grantee against the grantor, the former claiming that the latter had at the date of the deed no title to a portion of the lots. In the court below, apparently by consent of parties, the question of plaintiff's right to recover at all was tried and determined by the court without a jury, leaving the question of the amount of damages to be determined upon another or further trial.   Having determined that plaintiff was entitled to recover, the question of the amount of damages was tried and determined, and from an order denying plaintiff's motion for a new trial of that question, the appeal is taken. The defendant, previous to the trial of the question of the amount of damages, had moved for a new trial of the question of the right to recover, and from an order denying that motion appealed to this court, and here, for appellant's failure to comply with the rules, the order was affirmed.   For the purpose of the trial of the action the parties stipulated to certain facts, and upon those facts the court de-

cided the question of the right to recover, and upon them and other evidence assessed the damages.

The agreed facts are, briefly, that in 1853 the United States caused a survey to be made of sections 4, 5, 8, and 9, of township 28, in range 22. Included in and covering a part of the surface of these sections was a small, shallow, unnavigable lake, which was not surveyed, but a meander line was run around it, as shown on the map of survey. Lot 9, in section 5, as surveyed, abutted on this lake, its line next the lake, as represented on the map, following the water-line. In 1855, a patent for this lot was issued to one Bell, and, in 1857, his successor in interest platted it as Hitchcock's addition to West St. Paul. Block 6 was laid out so that a street on which it fronted, and a portion of several of the lots fronting on that street, were upon what, at the time of the survey, was within that part of the lake in front of said lot 9. Defendant succeeded to the title of the patentee to the land on which these lots were platted, and conveyed it with full covenants to plaintiff. For a breach of these covenants the action was brought, the plaintiff claiming that defendant had no title to that part of the lots conveyed to her lying within the boundaries of the lake as surveyed in 1853. In 1862, the United States surveyors, upon whose order does not appear, made a survey of the land covered by the lake at the time of the survey in 1853, and laid it out in lots and quarter of quarter-sections. Adjoining said lot 9, and with the original water-line of the lake for a boundary between them, they laid out lot 10, containing 18 41-100 acres. As early as 1857, when Hitchcock's addition was platted, the water of the lake had dried away to a considerable extent, so that, while the lots in that addition conveyed to plaintiff were located in part beyond the meander line of 1853, they were in no part located beyond the low-water line of the lake as it was in 1857, but were bounded by that line. During a portion of nearly every year, the water in the lake is high enough to cover the lots up to said meander line, but during most of the time the water does not encroach in any way upon the lots.

The court below seems, from its memorandum of opinion filed, to have decided that plaintiff was entitled to recover, on the ground

that defendant had not the title to that part of the lots he assumed to convey, lying beyond the meander line. The plaintiff claims thereupon that, for the purpose of assessing the damages, that is *res adjudicata* and cannot be reconsidered, and, taking the consideration in the deed as the guide, the damages are to be assessed as though nothing whatever passed to plaintiff by the deed in the part of the lots lying beyond the meander line. The court below assessed the damages on the theory that, though defendant's deed did not pass the fee to that part of the lots lying beyond the meander line, it did pass valuable rights in respect to that part of the lots as pertaining to the remainder of the lots abutting on the lake as it was in 1853, and that these valuable rights are to be taken into account, and it did take them into account, in assessing the damages. The rule was stated in *Kimball* v. *Bryant*, 25 Minn. 496, and followed in *Ogden* v. *Ball*, 38 Minn. 237, (36 N. W. Rep. 344,) that when the deed passes an estate of value, although not that covenanted, it is to be considered in measuring the damages for a breach of covenants for title.

The case suggests the question,—and the briefs treat of it to some extent, although the plaintiff claims that for the purposes of this case it is conclusively determined by the decision of the court below, holding her entitled to recover,—what rights in the soil below the water-line does the patentee of a lot bounded by an unnavigable lake acquire by his patent? The question has never been raised in this court, and it is one of great importance in this state, where there are thousands of such lakes, which, from natural causes, are gradually disappearing. It has been decided in various ways by the courts of different states. In New York, where, however, they have never had the system of congressional surveys, it is held that the rule under which the owner of the bank of a non-navigable stream owns to the thread of the stream applies to small lakes. *Smith* v. *City of Rochester*, 92 N. Y. 463. In Indiana, it is held that the owner of land bordering on a non-navigable lake lying within the congressional survey is the owner of the bed of the lake to the "thread" thereof. *Ridgway* v. *Ludlow*, 58 Ind. 248. And in Michigan, that the owner of a fractional subdivision, made so by such a lake, owns so much of the soil under the lake as would fall within

the lines of his description, if fully extended. *Clute* v. *Fisher*, 65 Mich. 48, (31 N. W. Rep. 614.) In Wisconsin, it is held that the owner of land bounded by any meandered lake or pond takes, as such, no fee in the bed or soil under the water, but is entitled to the riparian rights, so far as they can be applied in such a case, pertaining to land bordering on navigable lakes, including the right to accretions and relictions. *Boorman* v. *Sunnuchs*, 42 Wis. 233. The question is of so great importance that we are not disposed to decide it in a case in which it is not necessarily involved, and in which it is so inadequately treated in the briefs or arguments as in this case. It is unnecessary to decide it in this case, not because, as plaintiff contends, it is as to the case *res adjudicata* by the decision of the court below as to the right to recover becoming final, for it is not a case where the decision of the right to recover necessarily establishes the measure of damages; but because upon any one of the rules above stated, with respect to the rights in the water and the soil under it of an owner of the shore, even that least favorable to the defendant, the decision of the court below was not prejudicial to plaintiff, and she cannot complain.

It is not claimed that there was any error in estimating the value of the rights acquired by plaintiff in that part of the lots within that part of the land formerly a part of the bed of the lake, if the court had a right to take such value into account in arriving at the amount of damages, as we have before stated it might do.

Order affirmed.

NOTE. A motion for a reargument of this case was denied November 11, 1890.