JOHNSTON MEALEY *vs.* ANDREW J. FINNEGAN.

July 7, 1891.

**Contract for Exchange of Lands—Action for Damages for Breach—Answer Asking Specific Performance.**—In an action for damages for breach of a contract to exchange lands, the answer prayed that, in case the court should adjudge plaintiff's title to his lands to be good, so that defendant was bound to accept a conveyance of them, it decree a specific performance.   *Held,* defendant cannot complain that the court tried and decided the action as one for specific performance.

**Same—Stipulation for Separate Trials of Different Issues.**—The parties having stipulated, in such an action, that all questions involved, ex-

cept the value of the lands, should be tried, and, if the court should hold plaintiff entitled to recover, they might, at a subsequent day, submit evidence as to the value of the lands and measure of damages, and such other questions having been first tried, it was proper for the court to make and file its findings and decision on those questions, and, the matter of the measure of damages being afterwards tried, to make and file its findings and decision on that issue.

**Same—Findings—Conditional Decision.**—The court, having on the first trial decided that it was a case for specific performance, and that plaintiff had fully performed by bringing his deed into court to be delivered to defendant, directed that defendant be allowed to perform on his part within 30 days, and, if he failed to do so, the question of damages should be tried. *Held*, defendant cannot complain that the court, instead of absolutely directing him to perform, left it optional with him.

**Same—Measure of Damages.**—The defendant having failed to perform, the measure of damages or compensation to plaintiff is the value of the lands defendant ought to have conveyed to him.

Appeal by defendant from an order of the district court for Hennepin county, refusing a new trial after a trial by *Hooker*, J., and judgment of $2,800 ordered for plaintiff.

*Edward Savage*, for appellant.

*Hale & Peck*, for respondent.

GILFILLAN, C. J.    The action is on a contract to exchange lands, the plaintiff agreeing to convey to defendant a lot in Minneapolis, and defendant to convey to plaintiff certain lands in Wright county. The complaint states the contract, a tender of performance by plaintiff by his tender of a deed to defendant, and a request by him upon defendant to convey the Wright county lands to him, and a refusal by defendant to accept the deed of plaintiff, or to convey to him the Wright county lands; and also alleges that plaintiff is now ready and willing to perform the contract on his part, and to keep the tender of his deed to defendant good, and to bring the same into court, that it may be delivered to defendant; and it demands a money judgment only.    The answer puts in issue most of the allegations of the complaint; alleges what the contract was, not varying, in substance, from the statement of it in the complaint; alleges that the plaintiff had not a good title to the whole of the Minneapolis lot,

and that for that reason only the defendant declined to accept plaintiff's deed, and to convey to him the Wright county lands; alleges his willingness to convey the said lands, and to receive in exchange the Minneapolis lot; and prays the court, in case it adjudges the plaintiff's title to the Minneapolis lot to be good and marketable, and the defendant bound to take the same, to decree a specific performance by the parties. The reply merely meets the objections stated in the answer to plaintiff's title, and has a copy of the contract attached. The pleadings did not question defendant's title to the Wright county lands, the substantial issue made being upon plaintiff's title to the Minneapolis lot. By stipulation it was agreed that the court should try all questions involved except the value of the lands, and, if it should hold plaintiff entitled to recover, the cause should be held open for evidence of the value of the lands and the measure of damages; and the cause was so tried. Upon the trial of the main questions in the case the court filed its findings of fact and conclusions of law. The findings are sharply criticised in appellant's brief, but, though they are not very precisely and clearly set forth, and the manner of statement is open to comment, there may be gathered as facts that plaintiff's title to the Minneapolis lot is good; that, before suit was brought, he tendered a deed, and defendant refused to accept it and to perform on his part; that plaintiff has fully performed the contract on his part, and has brought his deed to defendant into court for delivery, and that it is now held subject to defendant's order, to be delivered to him upon request; and it directed, as conclusions based on the findings of fact, that defendant be allowed to specifically perform the contract, provided he do so within thirty days, and, in case of his failure to do so, the plaintiff might bring the cause to a hearing upon the question of damages. The defendant having so failed, the trial of the question of damages came on, and the court found as a fact the value of the Wright county lands to be $2,800, and ordered judgment in favor of plaintiff for that amount. From an order denying a new trial defendant appeals.

The procedure in the case was somewhat singular. The complaint sets forth all the facts necessary in an action for specific perform-

ance, and facts not necessary in an action for damages for breach of the contract, to wit, the facts that plaintiff is ready and willing still to perform on his part, and for that purpose brings the deed into court for delivery to defendant, but it asks a judgment for damages only. The answer asks that the action be considered one for specific performance. The court seems to have accepted that theory of the action, and, having found that plaintiff had fully performed by delivering his deed into court for the defendant, the judgment obviously required on that theory, as in every action for specific performance where the contract is unperformed on the part of the defendant only, would have been an absolute judgment, either vesting the title in plaintiff, or, there being covenants on defendant's part required by the contract, directing him to execute conveyances such as the contract called for. But, instead of directing such a judgment, the court practically gave the defendant his election to perform or to answer in damages, or compensation, as it was termed in the equity jurisprudence. Separate trials of the issues is not usual, but is sometimes a convenient practice, and is certainly permissible, where the parties consent. The stipulation, of course, contemplated that the court should make and file its findings and decision on the issues to be tried first. The defendant certainly cannot complain that the court, in accordance with the prayer in his answer, tried the action as one for specific performance. The plaintiff might perhaps have had reason to complain of it, had it not been that his complaint treats the contract as still subsisting, so as to admit of being performed on his part at least. But the plaintiff does not complain. And the defendant cannot complain that the court gave him his option between performing and making compensation for non-performance, between what it ought regularly to have absolutely required of him and something else. Any irregularity or error in this respect was in his favor, and gave him what he was not entitled to. He was still free to do what regularly ought to have been required.

The plaintiff having performed on his part, the measure of compensation or damages, whichever it may be called, for non-performance on the part of the defendant, was, of course, the value of the lands which he ought to have conveyed. The contract specifically

described lands which defendant agreed to convey to plaintiff, but it contained a provision that, if the title to any of them could not be perfected in the defendant, the plaintiff was to take in lieu thereof an amount of land that three disinterested freeholders of Wright county should specify. The complaint does not notice this provision, but alleges the contract to have been to convey the lands specifically described, which are also described in the complaint. The answer does not set forth the contract, but alleges it to have been to convey the lands described in the complaint. There is nothing in the pleadings and nothing in the evidence on the trial of the main issues— the first trial—to suggest that the state of facts upon which other lands were to be conveyed in lieu of those described in the complaint existed. The case was manifestly tried and determined, up to and including the first findings and order of the court, upon the understanding that the lands described in the complaint were alone involved, and to those the conclusion and order of the court related. The order could be complied with only by conveying those lands, and for non-performance by defendant the damages or compensation was the value of those lands.

Order affirmed.