WILLIAM BORMAN and Others v. E. A. BAKER and Others.[1]

May 10, 1897.

Nos. 10,564—(119).

**Mechanic's Lien—Priority—Appeal.**

> *Held* that, as against the defendant trustees in this action, the conclusions of law were more favorable, upon the facts found, than the appellant, an intervenor, was entitled to; and that if, as claimed by the intervenor's counsel, the conclusions of law in respect to the rights of another defendant were erroneous as against the trustees, the intervenor was not prejudiced, and cannot complain on appeal.

Appeal by the intervenor, L. Schneider, from a judgment entered in the district court for Winona county, pursuant to the findings of Gould, J. Affirmed.

*Brown & Abbott*, for appellant.

*Anderson & Man* and *Edward Lees*, for respondents.

COLLINS, J. Plaintiffs brought this action to restrain defendant Wendelborn from further proceeding with a foreclosure by advertisement of a mortgage upon certain real property, which may be called the "factory site," which mortgage, it was alleged, had been improperly and without authority executed and delivered by defendants Baker, Clement, and Leicht, as trustees, to one Scott, and by him assigned to Wendelborn. The further object of the action was to obtain an accounting with the trustees. One Schneider intervened, and alone appeals from the judgment. The only question is whether the conclusions of law were warranted by the findings of fact.

From the findings it appears that in 1893 there was conveyed to the defendant trustees a number of lots in Winona for the use and benefit of plaintiffs, should the latter enter into a contract for the erection, completion, and operation of a furniture factory upon five of the lots, called the "factory site." The trustees found purchasers for 24 of these lots at $200 each, and then, on September 30, 1893, entered into a written contract with plaintiffs, whereby the latter were to complete and have their factory in operation, with not less than 50

[1] Reported in 70 N. W. 1075.

hands at work, on or before May 1, 1894. The contract contained provisions to be observed by both parties, but the trustees were to hold the legal title to the factory site until May 1, 1897. If the plaintiffs had fully performed on their part, had completed the factory, put it in operation with 50 hands, and had kept it in such operation three years without cessation for a period exceeding six months, the trustees were to deed the factory site to them on the day last mentioned. The money derived by the trustees from a sale of other lots was to be paid over to plaintiffs that they might use it while erecting the building.

In case of a failure on the part of plaintiffs to complete the building by May 1, 1894, and to then have it in operation with 50 hands, and to keep it so in operation until May 1, 1897, except as before noted, they were to forfeit all rights under their contract. The building was never completed. The plaintiffs, on notice from the trustees, vacated and abandoned the premises October 1, 1894, and the latter made immediate re-entry. From sales of the lots the trustees realized the sum of $2,876.50. In February, 1894, they executed and delivered a note for $1,000 to one Scott, and to secure its payment executed and delivered the mortgage before mentioned, which was duly recorded. The amount realized from sales of the lots and the $1,000 by means of the note and mortgage were paid out and expended in an attempt to assist plaintiffs in erecting the building, and with plaintiffs' consent and approval, more than two-thirds thereof being paid out for labor on and materials for the building. In excess of these sums, the trustees expended for the same purposes the sum of $96.88.

The court also found that under a contract with these plaintiffs alone the intervenor furnished to them, and on January 4, 1894, placed and set up on the premises, a steam boiler, with a smokestack and fixtures; that thereafter the intervenor brought an action against these plaintiffs to foreclose a lien claimed on the premises, and that on April 4, 1895, judgment in favor of the intervenor for the sum of $838.63 was duly rendered, and declared a lien upon such right, title, equity, and interest in and to the factory site as was held by these plaintiffs on January 4, 1894, or that either of them had since acquired, no part of which judgment had been paid. It was also found that the trustees had nothing to do with the contract made with the

intervenor, and that prior to the putting in of the boiler, smokestack, and fixtures they had expressly notified such intervenor that they would not pay, or become responsible for payment, therefor.

The conclusions of law, briefly stated, were that the mortgage was null and void, and should be set aside, with its record, and the foreclosure sale enjoined; that the trustees were first entitled to reimbursement to the amount so paid out by them in excess of the sums received; that then Wendelborn, to whom Scott had assigned the note and mortgage, was entitled to receive out of the trust estate the amount due upon the mortgage note; that the intervenor was then entitled to a lien upon the factory site, subject and subordinate to each and all of the foregoing items, and that plaintiffs were entitled to the residue of the trust funds, or real property, if any; and that a certain named person should be the receiver of the property for the purposes of a sale, and to dispose of the proceeds in accordance with the conclusions of law.

It will be noticed that the intervenor in this action, the only appellant, brought an action in due season to enforce a lien, but that these plaintiffs alone were made defendants. The lien claimant did not make the trustees, who had entered into an executory contract with these plaintiffs for the sale of real property, contingent upon the erection of the factory, and its operation for a definite period of time, defendants in the foreclosure proceedings. No attempt was made to enforce the lien as against the vendor trustees, or to determine their rights in the premises, or the rights of the vendees, as might have been done. The intervenor made no effort to avail herself of the provisions of G. S. 1894, § 6232, but was content to proceed against the vendees alone, and to obtain a judgment lien solely upon their right, title, equity, and interest in and upon the premises on the day the lien attached, January 4, 1894, and upon such title or interest as they or either might subsequently acquire.

Nor did the intervenor thereafter take any steps looking towards the protection or enforcement of her rights until August, 1895, when she filed her complaint in intervention, basing her entire right to take part in the litigation upon the lien judgment. This was months after it was too late to enforce any lien claim as against the vendors or their interests. In the meantime, and prior to the entry of judgment

in the foreclosure proceedings, the vendees had wholly failed to comply with the conditions required of them by the executory contract, had forfeited all rights under the same, and had abandoned the project. Upon notice from the vendors, they had removed from the premises as early as October, 1894, and such vendees had made re-entry, as they had a right to do. In view of the findings, it is obvious that, as against the defendant trustees, the conclusions of law were more favorable to the intervenor than she was entitled to. And it may be, as claimed by counsel, that this might be truthfully said of the conclusion whereby the amount of the Wendelborn note was made a lien upon the proceeds of a receiver's sale. But, if the intervenor was awarded all or more than she was entitled to have, she was not injured by the judgment, even if it was erroneous as to Wendelborn's rights as against the trustees, and they have not appealed. On appeal she can only complain of errors which are prejudicial to her interests.

Judgment affirmed.