## CHURCH v. CASE.

1. PUBLIC LANDS—GRANTS—UNMEANDERED LAKE—ISLANDS—TITLE.
   A government patent, without reservation, of the land bordering on an unmeandered lake, vests in the patentee the title to an unsurveyed island in the lake, which cannot be affected by the action of the government in subsequently causing the island to be surveyed and offered for sale through the regular channels.

2. SAME—ESTOPPEL.
   The fact that a person in possession of land, claiming to be the owner, applied to the government to have the same surveyed and offered for sale, will not estop him from disputing the title of a purchaser at such sale, where he notified such purchaser, before the sale, that he was the owner and would contest the sale.

Error to Genesee; Wisner, J.    Submitted November 15, 1899.    Decided December 30, 1899.

Ejectment by Frank E. Church against Evington W., Charles E., and Emily E. Case.    From a judgment for defendants on verdict directed by the court, plaintiff brings error.    Affirmed.

*E. C. Chapin*, for appellant.

*Clarence Tinker* and *Frank E. Jones*, for appellees.

MONTGOMERY, J.    This is an action of ejectment to

recover an island situated in Long Lake, Genesee county, containing about 18 acres. In the original survey of the township in which this island is situated, no island is shown. The lands adjacent to the lake are surveyed with lines extended to the shore in the usual way. The lake is not meandered. The evidence shows that patents were issued by the government many years ago conveying different descriptions of land bordering on the lake, and all the descriptions which would include the island within the extended lines. The record is silent as to other descriptions abutting on the lake. The defendants and their grantors have been in possession and claiming title nearly 40 years, and, as against the patentees of most of the land adjoining the lake, have acquired title by adverse possession. If the grant by the government of the surveyed land adjoining the lake conveyed the title to the island in question, the plaintiff has shown no right to recover, unless the defendants are estopped,—a claim which will be referred to later.

It is not necessary to determine the rights of the various riparian proprietors as between themselves, or the method to be adopted in extending their lines. The question is, Did the conveyance of the land adjoining the lake pass title to the purchasers to this island? We think such was the effect of the patents. When they were made there was nothing which indicated to purchasers any intention of reserving this island from the conveyance. *Butler* v. *Railroad Co.*, 85 Mich. 246 (24 Am. St. Rep. 84); *Clute* v. *Fisher*, 65 Mich. 48; *Goff* v. *Cougle*, 118 Mich. 307 (42 L. R. A. 161); *Webber* v. *Boom Co.*, 62 Mich. 626; *Chandos* v. *Mack*, 77 Wis. 573 (20 Am. St. Rep. 139). Many years after the patents were issued, the secretary of the interior caused a survey of the island to be made, and it was offered for sale through the regular channels. The title having previously passed out of the government, the purchaser under such sale could acquire no title as against the earlier patentees. *Webber* v. *Boom Co., supra.*

The evidence shows that Timothy B. Case, late husband

of defendant Emily, and father of the other defendants, applied to have this land surveyed and offered for sale; and it is claimed that his representatives should be estopped from disputing the title of the purchaser. It appears, however, that before the sale was made to plaintiff, who became the purchaser, the plaintiff was notified by Mr. Case that he was the owner and would contest the sale. This notice was sufficient to remove one essential element of an estoppel. The plaintiff could not have relied on the previous representations or acts of Case in making the purchase.

The court properly directed a verdict for defendants. Judgment affirmed.

GRANT, C. J., HOOKER and MOORE, JJ., concurred. LONG, J., did not sit.