INGEBORG HOVELSRUD v. OLE HOVELSRUD and Others.[1]

October 13, 1911.

Nos. 17,304, 17,305—(179, 180).

**Action to determine adverse claims — second trial — unauthorized judgment.**

In an action to determine adverse claims to real property brought against several defendants claiming separate and independent interests in the property, in which plaintiff did not in his complaint demand the possession of the property, some of the defendants answered, claiming to own the property, and also demanding possession thereof; the other defendants did not answer. The trial resulted in an order for judgment in favor of all the defendants, adjudging them to be the owners of the property.

1. It is *held* that plaintiff is not entitled as a matter of right to a second trial as to the defendants who did not answer. As to them, the action remained throughout an ordinary action to determine adverse claims, to which the statute providing for a second trial in actions involving the right of possession to real property does not apply.

2. The court did not order judgment for the possession of the property; nevertheless the clerk so entered the same in favor of all the defendants. *Held*, that this unauthorized act of the clerk did not change the character of the action, nor operate to vest in plaintiff the right to a second trial.

3. A party cannot complain that a judgment entered by the clerk is more favorable to him than that ordered by the court, in the absence of a showing of prejudice.

Action to determine adverse claims to certain real property in Jackson county, tried in the district court for Ramsey county. The case was tried before Orr, J., who ordered judgment decreeing defendants to be the owners of the land. From an order denying their motion to strike the demand for a second trial from the files, Ole Hovelsrud and nine other nonanswering defendants, appealed.

[1]Reported in 132 N. W. 910.

From an order denying their motion to strike from the judgment the following paragraph: "It is further adjudged and decreed that said defendants are entitled to the immediate possession of said real estate and the possession thereof is hereby awarded to them, the said defendants, and that a proper writ of restitution be issued by this court awarding and delivering the possession of said premises to them, the said defendants," defendants Hans Hovelsrud and wife, Dina Gilstad and husband, Louisa Logerson and husband, Lewis Gilstad, administrator, appealed.

Order reversed in so far as it sustains the right of plaintiff to a second trial as to defendants Ole Hovelsrud and the nonanswering defendants.

Affirmed as to the order refusing to correct and modify the judgment.

*William G. White,* for appellants.
*Harold Harris,* for respondent.

BROWN, J.

Action to determine adverse claims to real property. Defendants Hans Hovelsrud, Louisa Logerson, and Dina Gilstad appeared and served an answer, in which they denied plaintiff's alleged ownership of the property, pleaded title in themselves, and demanded judgment that they were such owners, and that they be awarded possession of the property. Defendant Lewis Gilstad answered, setting up that he was the administrator of the estate of John H. Hovelsrud, who in his lifetime was the owner of the land, and that the same belonged to and was the property of the heirs of his intestate, the several defendants named in the action. He demanded that the judgment of the court so decree. The other defendants did not appear. The issues presented were duly brought to trial, and the court below made findings of fact and conclusions of law directing the entry of judgment to the effect that plaintiff had no right, title, or interest in the land, and that defendants, all heirs at law of John H. Hovelsrud, deceased, owned the same in separate and undivided interests.

Judgment was subsequently entered as so directed, and plaintiff within the time allowed by law filed with the court a demand for a second trial as to all the defendants; such demand being based upon the statute which provides for a second trial of actions involving the title and right to the possession of real property. The defendants who did not appear or serve an answer in the action moved the court to set aside and strike from the files the demand for a second trial. The court denied the motion, and the moving defendants appealed.

The clerk of the court in entering the judgment ordered by the court erroneously included therein an award of the possession of the property to the defendants. After the demand for a second trial had been filed, defendants who answered in the action moved the court to strike from the judgment the part thereof so awarding possession of the property to defendants, on the ground that it was unauthorized by the findings and order of the court. The court denied the motion, and defendants who made the motion appealed from the order.

Two questions are presented by the separate appeals: (1) Whether, as to the defendants who did not answer in the action, plaintiff is entitled as a matter of right to a second trial; and (2) whether the court below erred in denying the motion to correct the judgment.

1. We answer the first question in the negative. The action was the ordinary action to determine adverse claims; the plaintiff not claiming the right of possession. As to the defendants who did not answer, the action remained throughout of that character. The fact that the answering defendants demanded possession of the land did not change the nature of the action as to the defendants who did not answer. The interests of the several defendants were separate and independent, and not joint. Nor could the clerk by erroneously entering a judgment awarding possession to defendants change the character of the action or rights of the parties in respect to a statutory second trial. In determining whether a second trial may be had, reference must be had to the issues presented by the pleadings,

and not to the form of the judgment; though a case for a second trial might perhaps be presented, where an ordinary action to determine adverse claims was on the trial treated and litigated as one to recover the possession of the land. Such, however, is not the case at bar, so far at least as concerns the nonanswering defendants. Our conclusion therefore is that plaintiff is not entitled as a matter of right to a second trial of the action as to the defendants who did not answer. It is not disputed by counsel for the other defendants that a second trial was properly allowed as to them.

2. The second question is controlled by the general rule that a party in whose favor a judgment is entered for greater relief than he is entitled to will not be heard to complain; the excessive relief resulting in no prejudice to him. McLaughlin v. Nicholson, 70 Minn. 71, 72 N. W. 827, 73 N. W. 1; Borman v. Baker, 68 Minn. 213, 70 N. W. 1075; Mealey v. Finnegan, 46 Minn. 507, 49 N. W. 207; Huntsman v. Hendricks, 44 Minn. 423, 46 N. W. 910. The defendants were not entitled to judgment for the possession of the property, for it was not so ordered by the court; yet the judgment was so entered. Clearly there is nothing of which they can complain.

It is therefore ordered that the order appealed from, in so far as it sustains the right of plaintiff to a second trial as to defendants Ole Hovelsrud, Bernt Hovelsrud, Martha Hilstad, Martin Hovelsrud, Dagny Hovelsrud, Helen Hovelsrud, Rachel Hovelsrud, Joseph Hovelsrud, Freng Hovelsrud, Margareth Hovelsrud, and Herman Hovelsrud, be and the same is hereby reversed. And further that the order refusing to correct and modify the judgment be, and it is, affirmed.