## HAWKINS v. FERGUSON.

No. 17302.   Opinion Filed April 24, 1928.

Rehearing Denied July 3, 1928.

(Syllabus.)

1. **Dower—Right of Widow to Take Child's Part in Lieu of Dower under Arkansas Law Lost by Laches.**

In a case controlled by sections 2599 and 2600, Mansfield's Digest of the Statutes of Arkansas, a widow, desiring to relinquish dower and take in lieu thereof a child's part in the lands of her deceased husband's estate, must substantially comply with such statute, or such right will be lost. A claim to such right first having been made eight years after the grant of letters of administration on the estate of her deceased husband comes too late.

2. **Appeal and Error—Correct Judgment Based on Erroneous Reasons not Reversed.**

Where correct conclusion has been reached by the trial court, the judgment rendered will not be reversed merely because it is based upon erroneous reasons.

3. **Same—Appellee Permitted to Urge Error only to Sustain Judgment.**

The general rule is, the party not appealing will not be heard to urge for review, errors committed against him in the trial court in order to modify in any manner a judgment in his favor, but said party on appeal may attack erroneous rulings of the trial court in order to sustain his judgment. Muskogee Refining Co. v. Waters Pierce Oil Co., 89 Okla. 279, 215 Pac. 766.

Commissioners' Opinion, Division No. 2.

Error from District Court, Hughes County; Hal Johnson, Judge.

Action by Lowesa Hawkins against Walter Ferguson to recover possession of land

and to quiet title. Judgment for defendant, and plaintiff appeals. Affirmed.

C. Dale Wolfe and J. Read Moore, for plaintiff in error.

Anglin & Stevenson, Davis & Patterson, and Forrest M. Darrough, for defendant in error.

HERR, C. This is an action brought by Lowesa Hawkins in the district court of Hughes county against Walter Ferguson, to recover a one-half undivided interest in and to the allotment of her deceased husband, Henehar Kochokney. It is alleged that Kochokney died intestate on the 1st day of March, 1903, leaving surviving him, as his only next of kin, the plaintiff, his lawful wife, and one son; that the plaintiff duly relinquished her right of dower in and to the lands of her husband, and elected to take in lieu thereof a child's share; that she is therefore entitled to a one-half undivided interest in fee thereto; that defendant claims the entire interest in and to said premises through purchase and conveyance from the surviving son of said Kochokney, deceased.

Defendant answered by way of general denial, plea of estoppel, and the further plea that the plaintiff's relinquishment of dower and the election to take in lieu thereof a child's share came too late, in that the same was not made and filed until eight years after the grant of letters of administration on the estate of her deceased husband; that under the law the same should have been filed within 60 days after the grant of such letters.

Under these issues, the case was submitted to the court, and, after overruling defendant's demurrer to plaintiff's evidence, judgment was rendered in favor of the plaintiff, awarding her an undivided interest in fee in and to said premises, and quieting title in her thereto.

In due time, defendant filed his motion for a new trial, and on the hearing on such motion, the court modified its former judgment and awarded plaintiff a dower interest only in and to the said premises, and decreed the defendant to be the owner in fee thereto, subject to dower rights of the plaintiff. To reverse this judgment, plaintiff prosecutes this appeal.

The court, in its original judgment, found that the plaintiff had duly relinquished dower and elected to take in lieu thereof a child's share in and to the land of her deceased husband, and reiterated this finding in the judgment as modified, and in such modified judgment the court based the

reason for such modification solely on the ground that dower had not been assigned the plaintiff, and that she could not relinquish same until assigned.

We agree with counsel for plaintiff, that the court was in error in the reason given for modification of the judgment, but this will not necessarily cause a reversal of the judgment, if, upon the entire record, the court arrived at the correct conclusion.

Counsel for defendant concede that the court gave an erroneous reason for the conclusion reached, but contend that the judgment is correct, for the reason that plaintiff, not having filed her relinquishment of dower and election to take in lieu thereof a child's part within 60 days after the grant of letters of administration on the estate of her deceased husband, as provided by sections 2599 and 2600, Mansfield's Digest of the Statutes of Arkansas, lost her right to so elect, and was, therefore, entitled to a dower interest only. We think this contention must be sustained.

The sections of the statute above referred to provide:

"The widow of any deceased person who shall file in the office of the clerk of the court of probate, or with the probate court of the proper county, a relinquishment of her right of dower in and out of the estate of her deceased husband, shall be entitled to receive of the estate of which her said husband died seized and possessed, whether real, personal or mixed, a portion or share thereof, absolutely in her own right, equal to that of a child, which shall be set aside and delivered to her as now provided by law for dower.

"Said relinquishment shall be in writing and acknowledged before the clerk or some justice of the peace, and filed within 60 days after the grant of letters of administration on the estate of the deceased."

The record discloses that the administrator was appointed sometime in the year 1912; that plaintiff filed her relinquishment in December, 1920. This relinquishment came too late. In cases where it is sought to relinquish dower and to take in lieu thereof a child's share in the estate, the statute must be substantially complied with. As a general rule, if the claim is not made within the time provided by statute, the right is lost. Nosworth v. Blizzard, 53 Ga. 668; Lagrange Mills v. Kener (Ga.) 49 S. E. 300; Farmers Banking Co. v. Key (Ga.) 37 S. E. 447; Wash v. Wash (Mo.) 87 S. W. 993 Allen v. Harnett (Mo.) 22 S. W. 717.

The facts are undisputed. Applying, then, the law to the undisputed facts, the judg-

ment as modified is correct, and a correct judgment will not be reversed merely because based on erroneous reasons. See Leay v. Illuminating Oil Co., 39 Okla. 312, 135 Pac. 416; Seneca Co. v. Doss, 59 Okla. 149, 158 Pac. 575; Baker v. Citizens' State Bank, 74 Okla. 182, 177 Pac. 568; Board of Equalization v. First State Bank, 77 Okla. 291, 188 Pac. 115; Kibby v. Binion, 70 Okla. 96, 172 Pac. 1091.

Counsel for plaintiff, in their brief, do not take issue with the defendant on the legal propositions advanced to sustain the judgment, but contend that the same cannot here be asserted, for the reason that no cross-appeal has been filed by defendant. The trial court, having found that the plaintiff duly filed her relinquishment of dower and elected to take in lieu thereof a child's share, and having reiterated such finding in the judgment as modified, it is contended that the defendant, not having appealed from such finding, is bound thereby, and cannot, without having filed a cross-appeal, challenge the correctness of such finding. This contention cannot be sustained. In the case of Muskogee Refining Co. v. Waters Pierce Oil Co., 89 Okla. 279, 215 Pac. 766, this court says:

"The general rule is, the party not appealing will not be heard to urge for review errors committed against him in the trial court in order to modify in any manner a judgment in his favor, but said party on appeal may attack erroneous rulings of the trial court in order to sustain his judgment."

This case was followed in the case of American National Bank v. Ardmoreite Publishing Co., 123 Okla. 226, 253 Pac. 81, wherein it is said:

"The successful party may, without cross-appeal or assigning errors, save the judgment by showing that errors were committed against him below which, if corrected, will make the result reached below a correct result."

See, also, Naill v. Order of United Commercial Travelers of America, 103 Okla. 179, 229 Pac. 833.

Under the authorities above cited, the defendant, seeking only to sustain the judgment of the trial court, was not required to file a cross-appeal in order to attack the findings of the trial court.

The contentions advanced by the plaintiff, that a party cannot take advantage of errors which he induced the court to commit, and that he will not be permitted in this court to change his theory, have no application under the record here presented.

Upon the whole record, the trial court arrived at the correct conclusion. Judgment should be affirmed.

BENNETT, LEACH, JEFFREY, and DIFFENDAFFER, Commissioners, concur.

By the Court: It is so ordered.

Note.—See under (1) 18 C. J. p. 860, §§105, 107. (2) 4 C. J. p. 663, §2557. (3) 4 C. J. p. 696, §2600.