MUNRO, Respondent, vs. THE STATE, Appellant.

*October 11—November 5, 1929.*

The cause was submitted for the appellant on the brief of the *Attorney General* and *Franklin E. Bump* and *Herbert H. Naujoks,* assistant attorneys general, and for the respondent on that of *Brown, Pradt & Genrich* of Wausau.

FOWLER, J. The following sketch shows the situation of the islands, one containing three-tenths and the other five-eighths of an acre: '

The plaintiff's claim is that the islands are land, the same as the mainland, and that the title thereto passed by the

patent the same as the mainland. The State's claim is that the title to the bed of navigable lakes is in the State; that the ownership of mainland abutting on such lakes stops at the water's edge, and the title to islands in the lake is unaffected by a patent from the United States describing a governmental subdivision. It contends that the islands are a part of the lake bed, and title to lake beds has been in the State since the State's admission into the Union; and further contends that if the islands be not considered as part of the lake bed and thus in the State since its admission, the act of Congress conveyed them to the State.

To the last proposition it is only necessary to state that the patent under which the plaintiff claims passed whatever title to the islands the government had, and as the patent was prior to the act of Congress referred to, the act passed nothing as far as the islands in suit are concerned. So the State's claim rests on the proposition that the islands are part of the lake bed and title to the lake beds passed to the State on its admission.

The legal proposition that the title to lake beds has been in the State since its admission is correct. *Doemel v. Jantz,* 180 Wis. 225, 193 N. W. 393. But this does not touch the question whether islands are a part of lake beds. No one would contend that Chambers Island off shore in Green Bay, containing 2,000 acres or more, is part of the lake bed of Green Bay. The size of the island does not affect the principle. We are of opinion that the islands are not a part of the lake bed.

The contention of the State that a patentee of land bordering on lakes takes only to the water's edge is correct as to meandered lakes. In such case the land is conveyed, not by governmental sectional descriptions, but by lots, each lot purporting to convey a designated acreage. In case of lands including non-meandered lakes and streams conveyances are by ordinary governmental sectional descriptions and purport

to convey sectional acreage proportional to the description. In non-meandered lakes no water is considered and no water's edge is involved. All land within the boundaries of the governmental description, whether mainland or islands, passes. .

Non-meandered islands within meandered streams pass by patent with the lots to which they are adjacent, if by the law of the State a riparian owner takes title to the thread of the stream. *Grand Rapids & I. R. Co. v. Butler,* 159 U. S. 87, 15 Sup. Ct. 991; *Whitaker v. McBride,* 197 U. S. 510, 25 Sup. Ct. 530. With at least equal reason, islands in non-meandered lakes pass if within the governmental description conveyed. The idea is that islands pass if included in the description unless the government reserves them by meandering them. The precise point here involved was ruled in favor of plaintiff herein in *Church v. Case,* 122 Mich. 554, 81 N. W. 334.

*By the Court.*—The order is affirmed.