## DOBLER et al. v. SMITH.

No. 19773. Opinion Filed Dec. 16, 1930.

F. W. Herndon, for plaintiffs in error.

Simons, McKnight, Simons & Mitchell, for defendant in error.

HALL, C. This action was commenced by G. G. Smith, defendant in error and plaintiff in the court below, against Ray Dobler and L. G. Thatcher, doing business under the trade name of D. & T. Motor Company, to recover on a certain check of these defendants in the sum of $879.45, which had been dishonored or payment thereon stopped. The defendants admitted the execution of the check and pleaded fraud and misrepresentation in procuring it. The primary defense, however, to the action was in the nature of a cross-petition asking for specific performance of a contract by plaintiff to purchase an automobile from these defendants.

The facts are substantially as follows: The defendants, Dobler and Thatcher, were automobile dealers in the city of Enid. One day plaintiff needed some minor repairs on his car, and while en route to a place to spend his vacation, he drove into defendants' place of business to get these repairs. The defendants thought that a trade or exchange of automobiles might be in order, and asked plaintiff if it would be satisfactory to exchange under the usual conditions a new car for the one he was driving. That proposition was not entirely acceptable to plaintiff, but the testimony is that he told defendants that he had an automobile in Oklahoma City which was being completely overhauled at the Hupmobile Agency there, and that he would take $1,000 for that particular car as a trade-in price on a new eight-cylinder automobile of the same brand or make. The price of the new car was something like $2,000. Plaintiff continued his journey and returned after about two months. In the meantime the defendants went to Oklahoma City, got plaintiff's car which was being repaired, and sold it for the sum of $1,000, realizing thereon an old car valued at $150 and a promissory note and chattel mortgage for the balance.

After plaintiff returned home from his vacation, he told defendants that he would be ready to accept the new car within a few weeks. A short while thereafter he went in the defendants' place of business and told one of the members of the firm, Mr. Dobler, that it was agreeable with the other member of the firm, Mr. Thatcher, for him to get his money for his old automobile, which was $1,000, less $121, which defendants had paid the automobile concern in Oklahoma City for repairing and overhauling the car, pursuant to a contract between plaintiff and the parties who did this repairing or mechanical work. A check was issued conditioned upon the verity of such agreement between Thatcher and plaintiff. Before the check was paid the bank to which it was drawn was

instructed to withhold payment, and the check was not paid. The reason given for dishonoring this check was that Mr. Thatcher, the other partner, had made no such agreement with plaintiff, but, instead, expected him to carry out the terms of his contract to purchase and pay the balance of the purchase price for the new automobile which they had ready for delivery to him.

The plaintiff, in his reply to defendants' cross-petition asking for specific performance, denied the existence of such a contract. The case was disposed of or went out on a demurrer to defendants' evidence. Therefore, the only testimony and evidence introduced by plaintiff was the check on which this cause of action was based. After it was clearly apparent to defendants that they had not introduced sufficient testimony to warrant a decree for specific performance of a contract to purchase personal property, they asked leave of the court to amend their cross-petition by setting out a cause of action for damages. The court overruled this motion. Proper exceptions to the ruling of the court were taken. The defendants rested their case, and the court sustained a demurrer to defendants' testimony, and instructed the jury to return a verdict for plaintiff in the sum asked for, to wit, $879.45. An appeal from the judgment was regularly lodged in this court.

About the only contention of plaintiffs in error is that the court committed error in refusing them permission to amend their cross-petition to ask for damages against the plaintiff for breach of contract. Defendants are somewhat confused on this point, perhaps, because of the fact that the trial court apparently based its decision upon the assumption that the contract, which was the foundation of the cause of action, violated the 4th subdivision of section 5034, Comp. Stat. 1921, which is one of the provisions of the statute of frauds. The essential part of this statute reads as follows:

"The following contracts are invalid, unless the same, or some note or memorandum thereof, be in writing and subscribed by the party to be charged, or by his agent: * * * Fourth. An agreement for the sale of goods, chattels, or things in action, at a price not less than $50, unless the buyer accept or receive part of such goods and chattels, or the evidences or some of them, of such things in action, or pay at the same time some part of the purchase money. * * *"

Defendants contend that their contract did not come within the statute of frauds, and that the action of the court was prejudicial error. Also, counsel for plaintiff seem to confidently rely upon that statute as a defense to any cause of action which might have been predicated upon that contract, which was in parol.

Defendants call our attention to the provision in the statute which provides that **if the buyer accept or receive part of the goods, or if he at the same time pays some part of the purchase price money,** the contract is taken without the statute. In view of the fact that plaintiff at the time paid the sum of $1,000 by delivery of the second-hand automobile to the defendants as a part payment on the new car purchased, it may be that the contract did not come within the statute of frauds. It is unnecessary for us to decide that question here because it is a fixed rule of appellate procedure that it is immaterial upon what theory a judgment or order may be based, if, under the facts and the law, it is justified upon any theory within the issues in the case. Gilmore v. Blackburn, 96 Okla. 33, 217 Pac. 462; Beaver v. Wilson, 117 Okla. 68, 245 Pac. 34; Holloway v. Ward, 84 Okla. 247, 203 Pac. 217; Hawkins v. Ferguson, 131 Okla. 277, 268 Pac. 727.

However, in such a situation, where the matter for consideration is the ruling upon a motion to amend a pleading, the appellate court must necessarily give such motion original consideration. The rule would be otherwise where the trial court applied the correct theory in ruling on a motion to amend the pleading or motions of that nature. In such a case he is allowed a wide latitude and his rulings thereon will not be disturbed unless it is clearly shown that injustice has resulted from his action. But, in the present case, applying the most rigid test favorable to the motion to amend the cross-petition of defendants, we are forced to the conclusion that the motion was properly overruled, for the reason that defendants were attempting to set up a separate and distinct cause of action—an action for damages based upon a breach of contract. Such an action is one strictly at law; and the action which they pleaded was an action in equity.

We are cognizant of the fact that in certain cases a court of equity, when unable to grant specific performance of a contract, will not dismiss the petition, but will retain jurisdiction and award damages in place of such performance. Cornell v. Rodabaugh, 117 Iowa, 287, 90 N. W. 599, 94 A. S. R. 298; Sanitary Dist. of Chicago v. Martin, 227 Ill. 260, 81 N. E. 417, 10 Ann. Cas. 227. But the rule in this regard is that a court of equity will not grant relief unless the parties asking the relief bring themselves clear-

ly within the rules entitling them to specific performance, and that specific performance cannot be awarded for the reason that the corpus, or the thing in action, has been disposed of, or for some reason that a decree for specific performance would not give the complaining party an adequate remedy. Marks v. Gates, 154 Fed. 481, 12 Ann. Cas. 120; 25 R. C. L. 346. In cases of that nature, that is, cases falling under the special circumstances indicated, no special pleading in regard to damages is required. A prayer for general relief or no prayer at all would probably be sufficient under our Code; but in a case similar to the case at bar, where the complaining party utterly fails to bring himself within some one of the exceptions to the general rule that a court of equity will not order the specific performance of a contract for a sale of personal property, and if he desires alternative relief by way of an award for damages, he must plead the damages he has sustained in a separate cause of action, which, of course, under our Code and similar Codes can be joined with the action for specific performance. Sternberger v. McGovern, 56 N. Y. 12; Haffey v. Lynch, 143 N. Y. 241, 38 N. E. 298.

Certainly, the granting of defendants' motion to amend the pleadings to set up a separate and distinct cause of action was properly denied, and it would have been error to have granted this amendment.

Therefore, the judgment of the trial court is affirmed.

TEEHEE, HERR, REID, LEACH, EAGLETON, and DIFFENDAFFER, Commissioners, concur. CULLISON, J., disqualified and not participating.

By the Court: It is so ordered.