11 P.(2d) 540

### SILCOX v. McLEAN.

No. 3636.

Supreme Court of New Mexico.
April 14, 1932.

Rehearing Denied June 4, 1932.

R. E. Rowells and Hatch & Patton, all of Clovis, for appellant.

Hockenhull & Mayes, of Clovis, for appellee.

BICKLEY, C. J.

Appellee (plaintiff) contracted in writing to sell, and appellant (defendant) agreed to buy, a parcel of land. The plaintiff, charging that he had performed the contract on his part and that defendant had failed therein, sued for specific performance.

Defendant answered, denying that plaintiff had performed his part of the agreement and affirmatively alleged that the contract had been rescinded.

Appellant claims that his original answer sets up a parol agreement and also an agreement "in writing" for rescission. Plaintiff in his reply denied all averments of the answer by way of affirmative defense.

A hearing was had upon the issues thus made, and after both parties had rested, plaintiff presented a motion to strike out all evidence of the defendant relative to the alleged option to abandon the contract sued on and to exclude two checks offered by the defendant as the written memoranda of said option, which motion was sustained by the court; thereupon plaintiff moved for a judgment and decree based upon the evidence of both parties, which had not been excluded, and thereupon the court stated that the plaintiff was entitled to some relief, but was in doubt whether it could render a decree against the defendant vendee in the contract sued on that could be enforced and that the court was of the opinion that the plaintiff was entitled to a decree if it could be effective, but that it seemed to the court to be a vain and useless thing to render a decree of specific performance; thereupon the plaintiff asked leave to amend his complaint by inserting another count or paragraph therein by interlineation alleging damages in the alternative for the breach of the contract by defendant, and praying for alternative relief either for damages for the breach or for specific performance, which was granted and plaintiff then inserted the amendment and the case was adjourned to a future date for

trial on the question of damages. Upon the second hearing after the court had heard additional evidence offered by both parties, the court found the facts for the plaintiff and announced that judgment would be rendered for plaintiff in the sum designated as damages, thereupon the court instructed plaintiff's attorney to prepare the judgment accordingly. Whereupon counsel for defendant in open court requested the court to render the judgment in the alternative, that is, give the defendant the option to either perform the contract or pay the damages assessed. Upon such request of the defendant's counsel, the court instructed plaintiff's attorney to prepare the judgment and decree in conformity of such request. So the decree was rendered in accordance with the request of defendant's counsel so far as its form is concerned, the defendant, however, objecting generally and being allowed therein the following exception: "To all of which findings and decree and judgment above, defendant duly excepts."

 Appellant urges as ground for reversal that the court erred in permitting the amendment heretofore referred to. Unfortunately for him, the error, if error it was, was waived when he subsequently answered the amended complaint instead of standing upon his proposition that the amendment interposed a new and distinct cause of action which changed substantially the claim of the plaintiff, contrary to the inhibitions of section 105-605, 1929 Comp. See Security Trust & Savings Bank v. Ravel, 24 N. M. 221, 173 P. 545.

 Appellant next complains that the judgment is bad for indefiniteness and because in the alternative. No appropriate exceptions or objections were made to the form of the judgment, so far as the record discloses, and defendant cannot complain that the court, at his request, gave him the option to perform the contract or to pay damages. See Mealey v. Finnegan, 46 Minn. 507, 49 N. W. 207.

When plaintiff was allowed to amend his complaint, introducing a new cause of action, defendant was granted time "to plead to the amendment." Defendant apparently, and we think properly, treating the amendment together with other allegations of the complaint as constituting a new and distinct cause of action, in due time filed his amended answer. Thereupon, plaintiff moved to strike all of said amended answer which was not responsive to the amendment alone. The plaintiff complained particularly of the effort of the defendant to change the allegations of his first answer by way of new matter to the effect that upon a consideration which had been paid by defendant to plaintiff, it had been agreed that said defendant was given the option to perform or abandon the real estate contract and that he had exercised the election to abandon. In his first answer, defendant alleged that his right of election to abandon the contract was based upon an agreement "in writing," without filing with the answer the original or a copy of any written agreement, whereas by his amended answer, defendant based his right to elect to abandon the contract upon an

agreement "partly in writing and partly in parol" and attaching "a copy of that part of said contract which is in writing." This writing consisted of two checks executed by defendant in favor of plaintiff for $99.50 and containing, on the face thereof, the language, "For to cancel Contract on Sec. 3—5—35 with option to take or leave land," and indorsed on back thereof: "No. 1, 50.00, No. 2, 450.00, No. 3, 500.00, No. 4, 25.00, No. 5, 99.50, $1124.50. C. H. Silcox." And a check of defendant in favor of plaintiff for $25 with the language on the face thereof "for option to take or reject deal on 3—5—35," and indorsed on the back thereof, "Chas. Silcox."

On the original hearing when under the pleadings the sole issue was plaintiff's right to specific performance, these two checks were offered in evidence by defendant accompanied by statements from the witness stand that they were given "for the cancellation of the contract on sec. 3—5—35 with an option to take or leave the land."

Counsel for plaintiff stated that there was no objection to the proffered evidence being introduced as showing payments on the purchase price of the land, but objected to the admission for any other purpose for the reason: "That the defendant has set up in his answer that a subsequent written contract was entered into between plaintiff and defendant whereby defendant had the option to proceed with the contract originally entered into, or to declare it rescinded or terminated at his will. No copy of the alleged written contract was annexed to the pleadings or filed with the clerk nor served upon this plaintiff, as required by the Code of Procedure of this state, and that the defendant, therefore, is not entitled to introduce any alleged written contract in evidence. For the further reason that the alleged contract written thereon or purported to be written thereon was written on there after the check had been paid." The court overruled the objection, and the writings were admitted in evidence.

After the parties had rested at the first hearing, the plaintiff moved to strike the testimony of the witness McLean (defendant) with reference to any alleged contract of release from the real estate contract between him and defendant, and all testimony with reference to his alleged contract of release from the real estate contract between him and defendant, and all testimony with reference to his alleged agency for some woman in Chicago and to exclude Defendant's Exhibits D and E, being the two checks, one for $25 and the other for $99.50, on which defendant based his alleged averment of a written contract, for the reason: "That the originals nor any copy thereof was filed with the answer nor filed in the clerk's office, nor any copies served on the plaintiff, as required by the Code of Civil Procedure." The court sustained the motion to strike the testimony.

At the second hearing after the court had allowed the plaintiff to amend his complaint so as to set up a cause of action for damages for breach of the contract, to purchase the land, and the defendant's amended answer had been filed, the defendant again offered the two checks under consideration and was pro-

ceeding to interrogate the defendant as to the purpose of giving the checks and defendant was proceeding to testify, when counsel for plaintiff objected as follows: "I object to any testimony about an option; the court had excluded it and it is not an issue at this time."

It seems appropriate to consider appellant's fourth and fifth points together. They are: "The court erred in striking part of defendant's amended answer." And: "The court erred in striking testimony of defendant concerning modification and abandonment of contract sued on by plaintiff."

We view the amendment allowed plaintiff as introducing a new and distinct cause of action. See Dobler v. Smith, 147 Okl. 20, 294 P. 1089.

So far as the issue of specific performance was concerned, what had transpired at the first hearing, had probably closed the case on that issue. But when a new cause of action was introduced, defendant had a right to answer fully without being charged with a departure from his theory of defense to the alleged cause of action for specific performance. In fact, the theory of defense to each cause of action was the same, that is, that for a consideration plaintiff had agreed to waive performance by defendant, at his election. If the agreement were established, and the election to treat the contract as canceled were exercised by defendant in accordance therewith, there could be no decree for specific performance, and likewise there could be no judgment against defendant for damages for alleged breach of the contract to purchase the real estate. Defendant, if bound by his first answer so far as the issue of specific performance originally submitted is concerned, nevertheless had a right to interpose, in his answer to the new cause of action set up by the complaint as amended, any defense he was entitled to urge thereto. As to the cause of action for specific performance, assuming that he alleged that the option to cancel was based on a written agreement, in his answer to the cause of action for damages for breach of the contract he answered that the option to cancel the contract was "partly in writing and partly in parol." Defendant is not to be charged with pleading inconsistent defenses so much as with inconsistent manner of making proof of such defenses. Appellant here concedes that the amended answer pleaded a rescission of the written contract by subsequent parol agreement.

If defendant had moved to amend his original answer before the amendment was made by plaintiff to his original complaint, setting up a new cause of action, by setting up a reliance upon a parol agreement instead of an agreement in writing and the court had denied the motion, we probably would not disturb the ruling. Such a proposed change by defendant might be deemed to change substantially the defense and thus be objectionable. But when plaintiff secured an amendment to his complaint by setting up an entirely new and distinct cause of action, which the court would have no power to permit, but defendant waiving the objection answered the new cause of action, we do not think he was bound by the theory of defensive matter stated in

his original answer to the cause of action stated in the original complaint.

The ruling of the court in striking the testimony of the defendant relative to the alleged option to cancel the real estate contract seemed to proceed upon plaintiff's view here urged that a contract in writing involving title or interest in real estate may be rescinded only in writing.

Appellee cites what he deems persuasive precedents in support of his view, and among them Hoard v. Jones, 119 Kan. 138, 237 P. 888, and quotes as follows: "A modification of a contract is in effect the making of a new contract, and, if the original contract to be enforceable by action must be in writing under the statute of frauds, a modification of the contract to be enforceable by action must be in writing." He overlooks, however, the fact that the court proceeded to say: "The statute of frauds deals with the making of contracts rather than with their revocation; hence, though a contract is one which, by the statute of frauds, must be in writing to support an action, it may be revoked by parol."

With the principle last stated, this court has announced its accord in Epstein v. Waas, 28 N. M. 608, 216 P. 506, where it was decided: "An executory contract, which involves title to or an interest in real estate, may be rescinded by a subsequent parol agreement of the contracting parties."

It is our opinion that the court erred in sustaining the motion to strike portions of the amended answer and in refusing to consider the proffered testimony relative to the alleged cancellation of the contract.

It is our opinion from the record in this case that there is no reversible error on account of denial of jury trial.

Appellant asserting right to jury trial on the issue of damages for breach of contract relies principally on Sternberger v. McGovern, 56 N. Y. 12. In that case the court said of plaintiff's demand: "True, he demands equitable relief based upon the ground that he was entitled to a specific performance. * * * He failed in showing a right to this." In an action for specific performance, where the relief cannot be granted, the court, instead of assessing the damages for defendant's alleged failure to offer a good title, should set the case for trial on the legal issues to a jury. In the case at bar appellant, having acquiesced in the view that the court had equitable jurisdiction on the case presented, is not in a position to avail himself of error, if any, in denying a trial by jury.

It follows from the foregoing that the judgment should be reversed and the cause remanded for new trial, and it is so ordered.

SADLER and HUDSPETH, JJ., concur.

WATSON and PARKER, JJ., did not participate.